UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

---

**ADVANCED FITNESS CONCEPTS, INC.**
**d/b/a VULCAN STRENGTH**
**TRAINING SYSTEMS,**

    Plaintiff,                                                  Civil Action No. 3:25-cv-878

v.

**ADRIAN GLUCK and GLUCK'S GYM LLC,**

    Defendants.

---

## MOTION TO EXCEED PAGE LIMIT UNDER L.R. 7.1(d)

Defendants Adrian Gluck and Gluck's Gym LLC (collectively, "Defendants"), by and through undersigned counsel, hereby move this Court for leave to exceed the page limits under Local Rule 7.1(d) as follows:

1. Plaintiff, Advanced Fitness Concepts, Inc., filed this action against Defendants on October 31, 2025, alleging claims of false and misleading representations of fact under the Lanham Act, defamation, unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1.1, and common law unfair competition. [ECF 1.]

2. Plaintiff is a North Carolina corporation with its principal place of business in Charlotte, North Carolina. [ECF 1, ¶ 2.]

3. Defendant Adrian Gluck is an individual resident domiciled in Killingworth, Connecticut. [ECF 1, ¶ 3].

4. Defendant Gluck's Gym, LLC is a limited liability company organized under the laws of the State of Connecticut and located in Killingworth, Connecticut. [ECF 1, ¶ 4].

1

5. Defendants aver that the claims set forth in Plaintiff's Complaint are facially frivolous and should be dismissed for failure to state a claim upon which relief can be granted. Plaintiff's claims are based on protected opinion speech contained in a consumer product review and fail, as a matter of law, to satisfy the elements of false advertising under the Lanham Act, defamation, unfair and deceptive trade practices under North Carolina law, or common law unfair competition.

6. Defendants will move to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

7. Defendants will also request a preliminary hearing on their motion to dismiss under Rule 12(b)(6).

8. Defendants will also move to dismiss for lack of personal jurisdiction under Rule 12(b)(2) where they lack sufficient contacts with North Carolina to be subject to jurisdiction in this Court.

9. Local Rule 7.1(d) provides that briefs in support of motions shall not exceed twenty (25) pages without leave of Court.

10. Additionally, the Initial Scheduling Order issued in this matter states that briefs in support of motions shall not exceed 4,500 words unless prior permission has been granted.

11. "As to scheduling and docket management, this Court enjoys broad discretion." *Moss v. City Hosp., Inc.*, No. 3:19-CV-187, 2020 WL 12584435, at *2 (N.D. W.Va. Nov. 10, 2020) (collecting cases). As such, "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Id.* (*quoting Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016)).

12. Where a motion to exceed the page limit involves a motion to dismiss, this Court has permitted additional pages to ensure full and proper briefing of the issues. *See Jeffries v. United States*, No. CIV. 1:10CV205, 2010 WL 4291365, at *1 (W.D.N.C. Oct. 25, 2010).

13. Defendants will move to dismiss Plaintiff's Complaint on two independent grounds: first, under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim because Plaintiff's claims are based on protected opinion speech contained in a consumer product review and fail, as a matter of law; and second, under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Each of these legal arguments requires significant analysis under distinct legal frameworks.

14. With respect to personal jurisdiction, Defendants must analyze the allegations contained within Plaintiff's Complaint under standards of general and specific jurisdiction.

15. With respect to specific jurisdiction, Defendants must analyze Plaintiff's allegations in relation to three questions: whether (1) the defendant has purposefully directed its activities at residents of the forum; (2) the litigation results from alleged injuries that arise out of or relate to those activities; and (3) the exercise of personal jurisdiction would be constitutionally reasonable. *UMG Recordings, Inc. v. Kurbanov*, 963 F.3d 344, 352 (4th Cir. 2020).

16. These factors involve extensive case law and factual analysis.

17. Additionally, for its motion under Rule 12(b)(6), Defendants must analyze Plaintiff's allegations concerning four distinct causes of action: (1) false and misleading representations of fact under the Lanham Act; (2) defamation; (3) unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1.1; and (4) common law unfair competition.

18. This too requires extensive case law and legal analysis.

19. Good cause exists to grant this motion because the motion to dismiss presents two independent and complex grounds for dismissal, each requiring separate legal and factual analysis. A more comprehensive discussion at this stage will assist the Court in efficiently resolving the motion and streamlining proceedings.

20. Granting this motion will not prejudice Plaintiff, as Plaintiff will have a full and fair opportunity to respond to Defendants' arguments in its opposition brief.

21. Defendants met and conferred with counsel for Plaintiff and Plaintiff does not oppose the relief sought.

22. Defendants do not object to Plaintiff receiving similar leave to exceed the page limit and word limits found in the Local Rules and the Initial Scheduling Order. Moreover, permitting additional pages will aid the Court by ensuring that the relevant legal and factual issues are properly presented.

WHEREFORE, for the foregoing reasons, Defendants respectfully requests that this Court grant its motion to exceed the twenty-five limit set forth in L.R. 7.1(d) and the 4,500 word limit in the Initial Scheduling Order and permit them to file a memorandum of law not exceeding 10,000 words or 30 pages in support of their Motion to Dismiss.

Dated: December 29, 2025    /s/ *John Di Giacomo*
John Di Giacomo (P73056)
Attorney for Defendants
Appearing *Pro Hac Vice*
Revision Legal, PLLC
444 Cass Street, Suite D
Traverse City, MI 49684
(231) 714-0100
john@revisionlegal.com

Dated: December 29, 2025    /s/ *W. Michael Boyer*
W. Michael Boyer

N.C. State Bar No. 49098
*Designated Local Counsel for Defendants*
Carolina Craft Legal
4805 Ridge Haven Court
Greensboro, NC 27410
(336) 944-2132
michael@carolinacraftlegal.com

## CERTIFICATE OF SERVICE

      I hereby certify that on December 26, 2025, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to the email address indicated on the Court's Electronic Mail Notice.

>REVISION LEGAL, PLLC
>By: /s/ John Di Giacomo
>John Di Giacomo (Pro Hac Vice)
>Revision Legal, PLLC
>444 Cass Street, Suite D
>Traverse City, MI 49684
>Phone: (231) 714-0100
>Email: john@revisionlegal.com

## CERTIFICATE OF CONSULTATION

       I hereby certify that on December 26, 2025, I consulted with opposing counsel and attempted to confer in good faith to resolve any areas of disagreement pursuant to LR 7.1(b). Based on that consultation, opposing counsel does not oppose the relief sought by this Motion.

REVISION LEGAL, PLLC
By: /s/ John Di Giacomo
John Di Giacomo (Pro Hac Vice)
Revision Legal, PLLC
444 Cass Street, Suite D
Traverse City, MI 49684
Phone: (231) 714-0100
Email: john@revisionlegal.com
