UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

**ADVANCED FITNESS CONCEPTS, INC.**
**d/b/a VULCAN STRENGTH**
**TRAINING SYSTEMS,**

    Plaintiff,                                                      Civil Action No. 3:25-cv-878

v.

**ADRIAN GLUCK and GLUCK'S GYM LLC,**

    Defendants.

## **MOTION TO EXCEED PAGE LIMIT UNDER L.R. 7.1(d)**

Defendants Adrian Gluck and Gluck's Gym LLC (collectively, "Defendants"), by and through undersigned counsel, hereby move this Court for leave to exceed the page limits under Local Rule 7.1(d) as follows:

1. Plaintiff, Advanced Fitness Concepts, Inc., filed this action against Defendants on October 31, 2025, alleging claims of false and misleading representations of fact under the Lanham Act, defamation, unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1.1, and common law unfair competition. [ECF 1.]

2. Plaintiff is a North Carolina corporation with its principal place of business in Charlotte, North Carolina. [ECF 1, ¶ 2.]

3. Defendant Adrian Gluck is an individual resident domiciled in Killingworth, Connecticut. [ECF 1, ¶ 3].

4. Defendant Gluck's Gym, LLC is a limited liability company organized under the laws of the State of Connecticut and located in Killingworth, Connecticut. [ECF 1, ¶ 4].

1

Case 3:25-cv-00878-FDW-SCR    Document 11    Filed 12/26/25    Page 1 of 8

5. Defendants aver that the claims set forth in Plaintiff's Complaint are facially frivolous and should be dismissed for failure to state a claim upon which relief can be granted. Plaintiff's claims are based on protected opinion speech contained in a consumer product review and fail, as a matter of law, to satisfy the elements of false advertising under the Lanham Act, defamation, unfair and deceptive trade practices under North Carolina law, or common law unfair competition.

6. Defendants will move to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

7. Defendants will also request a preliminary hearing on their motion to dismiss under Rule 12(b)(6).

8. Defendants will also move to dismiss for lack of personal jurisdiction under Rule 12(b)(2) where they lack sufficient contacts with North Carolina to be subject to jurisdiction in this Court.

9. Local Rule 7.1(d) provides that briefs in support of motions shall not exceed twenty (25) pages without leave of Court.

10. Additionally, the Initial Scheduling Order issued in this matter states that briefs in support of motions shall not exceed 4,500 words unless prior permission has been granted.

11. "As to scheduling and docket management, this Court enjoys broad discretion." *Moss v. City Hosp., Inc.*, No. 3:19-CV-187, 2020 WL 12584435, at *2 (N.D. W.Va. Nov. 10, 2020) (collecting cases). As such, "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Id.* (*quoting Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016)).

12. Where a motion to exceed the page limit involves a motion to dismiss, this Court has permitted additional pages to ensure full and proper briefing of the issues. *See Jeffries v. United States*, No. CIV. 1:10CV205, 2010 WL 4291365, at *1 (W.D.N.C. Oct. 25, 2010).

13. Defendants will move to dismiss Plaintiff's Complaint on two independent grounds: first, under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim because Plaintiff's claims are based on protected opinion speech contained in a consumer product review and fail, as a matter of law; and second, under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Each of these legal arguments requires significant analysis under distinct legal frameworks.

14. With respect to personal jurisdiction, Defendants must analyze the allegations contained within Plaintiff's Complaint under standards of general and specific jurisdiction.

15. With respect to specific jurisdiction, Defendants must analyze Plaintiff's allegations in relation to three questions: whether (1) the defendant has purposefully directed its activities at residents of the forum; (2) the litigation results from alleged injuries that arise out of or relate to those activities; and (3) the exercise of personal jurisdiction would be constitutionally reasonable. *UMG Recordings, Inc. v. Kurbanov*, 963 F.3d 344, 352 (4th Cir. 2020).

16. These factors involve extensive case law and factual analysis.

17. Additionally, for their motion under Rule 12(b)(6), Defendants must analyze Plaintiff's allegations concerning four distinct causes of action: (1) false and misleading representations of fact under the Lanham Act; (2) defamation; (3) unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1.1; and (4) common law unfair competition.

18. This too requires extensive case law and legal analysis.

19. Good cause exists to grant this motion because the motion to dismiss presents two independent and complex grounds for dismissal, each requiring separate legal and factual analysis. A more comprehensive discussion at this stage will assist the Court in efficiently resolving the motion and streamlining proceedings.

20. Moreover, the failure of counsel to seek this relief three (3) business days prior to the filing to this motion is justified by excusable neglect.

21. This standard of neglect encompasses "late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 533 (4th Cir. 1996) (*citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 386-87 (1993)).

22. Whether such neglect is excusable is, "'at bottom an equitable [inquiry], taking account of all relevant circumstances surrounding the party's omission,' including, the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id*. (*citing In re Pioneer Inv. Sevs. Co.*, 943 F.2d 673, 677 (6th Cir. 1991), *aff'd sub nom.*, *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380 (1993)).

23. In this case, the delay was caused by two factors: (1) the parties' attempts to settle the case, which delayed briefing on Defendants' Motion; and (2) review of the Local Rules and ignorance of the 4,500-word limit modifying those rules in the Court's Initial Scheduling Order.

24. With respect to the parties' attempts to settle, prior to the request to file an overlength brief, and on December 4, 2025, the parties met via Zoom in an attempt to resolve the issues presented by this case.

25. This call was productive, and the parties continued settlement discussions after the call until approximately December 11, 2025, when the parties agreed that this matter would not be resolved without further litigation.

26. These discussions delayed briefing, and briefing this matter was further delayed by the holidays.

27. Though counsel for Defendants reviewed Local Rule 7.1(d), counsel for Defendants did not notice the 4,500-world limit contained within the Initial Scheduling Order until today, December 26, 2025.

28. Upon discovering this limitation, and upon realizing that it would be impossible for Defendants to make both their 12(b)(2) and 12(b)(6) arguments within 4,500 words, Defendants immediately sought relief from the Court from this requirement.

29. Additionally, Defendants met and conferred with counsel for Plaintiff and Plaintiff does not oppose the relief sought.

30. Granting this motion will not prejudice Plaintiff, as Plaintiff will have a full and fair opportunity to respond to Defendants' arguments in its opposition brief.

31. Defendants do not object to Plaintiff receiving similar leave to exceed the page limit and word limits found in the Local Rules and the Initial Scheduling Order. Moreover, permitting additional pages will aid the Court by ensuring that the relevant legal and factual issues are properly presented.

32. Consequently, Defendants assert that they have met the standard for excusable neglect and respectfully request that the Court grant their motion to exceed page limits.

WHEREFORE, for the foregoing reasons, Defendants respectfully request that this Court grant their motion to exceed the twenty-five limit set forth in L.R. 7.1(d) and the 4,500 word limit

in the Initial Scheduling Order and permit them to file a memorandum of law not exceeding 10,000 words or 30 pages in support of their Motion to Dismiss.

Dated: December 26, 2025

/s/ *John Di Giacomo*
John Di Giacomo (P73056)
Attorney for Defendants
Appearing *Pro Hac Vice*
Revision Legal, PLLC
444 Cass Street, Suite D
Traverse City, MI 49684
(231) 714-0100
john@revisionlegal.com

/s/ *W. Michael Boyer*
W. Michael Boyer
N.C. State Bar No. 49098
*Designated Local Counsel for Defendants*
Carolina Craft Legal
4805 Ridge Haven Court
Greensboro, NC 27410
(336) 944-2132
michael@carolinacraftlegal.com

## CERTIFICATE OF SERVICE

      I hereby certify that on December 26, 2025, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to the email address indicated on the Court's Electronic Mail Notice.

      REVISION LEGAL, PLLC
By: /s/ John Di Giacomo
John Di Giacomo (Pro Hac Vice)
Revision Legal, PLLC
444 Cass Street, Suite D
Traverse City, MI 49684
Phone: (231) 714-0100
Email: john@revisionlegal.com

## CERTIFICATE OF CONSULTATION

I hereby certify that on December 26, 2025, I consulted with opposing counsel and attempted to confer in good faith to resolve any areas of disagreement pursuant to LR 7.1(b). Based on that consultation, opposing counsel does not oppose the relief sought by this Motion.

REVISION LEGAL, PLLC
By: /s/ John Di Giacomo
John Di Giacomo (Pro Hac Vice)
Revision Legal, PLLC
444 Cass Street, Suite D
Traverse City, MI 49684
Phone: (231) 714-0100
Email: john@revisionlegal.com
