UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

---

**ADVANCED FITNESS CONCEPTS, INC.**
**d/b/a VULCAN STRENGTH**
**TRAINING SYSTEMS,**

   Plaintiff,                                                          Civil Action No. 3:25-cv-878

v.

**ADRIAN GLUCK and GLUCK'S GYM LLC,**

   Defendants.

---

### BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Table of Contents

Introduction ............................................................................................................................. 6
Facts ...................................................................................................................................... 6
Legal Standard ...................................................................................................................... 7
Argument ............................................................................................................................... 8
   I.    Plaintiff's Claims Must Be Dismissed Because This Court Lacks Personal Jurisdiction Over the Defendants. ........................................................................................................... 8
      A.   This Court cannot assert general jurisdiction over the Defendants. .............................. 9
      B.   This Court cannot assert specific jurisdiction over Defendants. ................................. 10
         i.    Defendants did not target North Carolina. ................................................................ 10
         ii.   This litigation does not arise out of Defendants' contact with the state. .................. 14
         iii.  The exercise of personal jurisdiction would be constitutionally unreasonable. ....... 15
Conclusion ........................................................................................................................... 16

## TABLE OF AUTHORITIES

Cases

*A Distrib. Co. LLC v. Mood Prod. Grp. LLC*,
  No. 24CVS000619-100, 2024 WL 4298296 (N.C. Super. Sept. 26, 2024) .............................. 29
*Agora, Inc. v. Axxess, Inc.*,
  11 F. App'x 99 (4th Cir. 2001) .................................................................................................. 23
*ALS Scan, Inc. v. Digit. Serv. Consultants, Inc.*,
  293 F.3d 707 (4th Cir. 2002) ............................................................................................. Passim
*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................................ 16, 27
*Bartolomeo v. S.B. Thomas, Inc.*,
  889 F.2d 530 (4th Cir. 1989) .................................................................................................... 27
*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................................... 6
*Biospherics, Inc. v. Forbes, Inc.*,
  151 F.3d 180 (4th Cir. 1998) .............................................................................................. 22, 23
*Bolger v. Youngs Drug Products Corporation*,
  463 U.S. 60 (1983) .................................................................................................................... 19
*Boykin Anchor Co. v. AT&T Corp.*,
  825 F. Supp. 2d 706 (E.D.N.C. 2011) ......................................................................... 19, 20, 21
*Bumpers v. Cmty. Bank of N. Va.*,
  367 N.C. 81, 747 S.E.2d 220 (2013) ................................................................................. 25, 27
*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985) .................................................................................................................. 10
*Camco Mfg., Inc. v. Jones Stephens Corp.*,
  391 F. Supp. 3d 515 (M.D.N.C. 2019) ................................................................................... 28
*Canady v. Mann*,
  107 N.C. App. 252, 419 S.E.2d 597 (1992) ........................................................................... 29
*Cannon v. Peck*,
  36 F.4th 547 (4th Cir. 2022) .................................................................................................... 22
*Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs. Inc.*,
  334 F.3d 390 .............................................................................................................................. 14
*Charcoal Steak House of Charlotte, Inc. v. Staley*,
  263 N.C. 199, 139 S.E.2d 185 (1964) ............................................................................... 28, 29
*Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*,
  794 F. Supp. 2d 602 (D. Md. 2011)………………………………………………………24
*Christian Sci. Bd. of Directors of First Church of Christ, Scientist v. Nolan*,
  259 F.3d 209 (4th Cir. 2001) ........................................................................................ 7, 8, 15
*Conopco, Inc. v. Rebel Smuggling, LLC*,
  No. 2:21-CV-347, 2021 WL 5909831 (E.D. Va. Dec. 14, 2021) ........................................... 15
*Consulting Engineers Corporation v. Geometric Limited*,
  561 F.3d 273 (4th Cir. 2009) ...................................................................................... 11, 13, 15

*Dailey v. Popma*,
  191 N.C. App. 64, 662 S.E.2d 12 (2008) ................................................................................ 10
*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) .................................................................................................................. 9
*Dalton v. Camp*,
  353 N.C. 647, 548 S.E.2d 704 (2001) .............................................................................. 25, 26
*Daniels v. Metro Mag. Holding Co.*,
  634 S.E.2d 586 (N.C. App. 2006) .......................................................................................... 22
*Design Resources, Inc. v. Leather Industries of America*,
  789 F.3d 495 (4th Cir. 2015) ...................................................................................... 16, 17, 19
*Desmond v. News & Observer Pub. Co.*,
  241 N.C. App. 10, 772 S.E.2d 128 (2015) ............................................................................. 23
*Dowless v. Warren-Rupp Houdailles, Inc.*,
  866 F.2d 1415 (4th Cir. 1989) ................................................................................................ 28
*Fidrych v. Marriott Int'l, Inc.*,
  952 F.3d 124 (4th Cir. 2020) .................................................................................................. 10
*Ga. Pac. Consumer Prods., LP v. Von Drehle Corp.*,
  618 F.3d 441 (4th Cir. 2010) .................................................................................................. 28
*George & Co. LLC v. Imagination Ent. Ltd.*,
  575 F.3d 383 (4th Cir. 2009) .................................................................................................. 29
*Gertz v. Robert Welch, Inc.*,
  418 U.S. 323 (1974) .......................................................................................................... 22, 23
*Gibson v. Boy Scouts of America*,
  163 F. App'x 206 (4th Cir. 2006) ........................................................................................... 23
*Goines v. Valley Cmty. Servs. Bd.*,
  822 F.3d 159 (4th Cir. 2016) ............................................................................................. 9, 26
*GOLO, LLC v. Higher Health Network, LLC*,
  No. 3:18-CV-2434-GPC-MSB, 2019 WL 446251 (S.D. Cal. Feb. 5, 2019) .......................... 20
*Gordon & Breach Science Publishers v. American Institute of Physics*,
  859 F. Supp. 1521 (S.D.N.Y.1994) ........................................................................................ 19
*Greenbelt Co-op. Pub. Ass'n v. Bresler*,
  398 U.S. 6 (1970) .................................................................................................................... 22
*Handsome Brook Farm, LLC v. Humane Farm Animal Care, Inc.*,
  700 F. App'x 251 (4th Cir. 2017) ..................................................................................... 19, 20
*Harleysville Mut. Ins. v. Buzz Off Insect Shield, L.L.C.*,
  364 N.C. 1, 692 S.E.2d 605 (2010) ........................................................................................ 17
*Henderson v. U.S. Fid. & Guar. Co.*,
  346 N.C. 741, 488 S.E.2d 234 (1997) .................................................................................... 28
*In re Celotex Corp.*,
  124 F.3d 619 (4th Cir. 1997) .................................................................................................... 8
*Int'l Shoe Co. v. Washington*,
  326 U.S. 310 (1945) .................................................................................................................. 8
*Khashoggi v. NSO Grp. Techs. Ltd.*,
  138 F.4th 152 (4th Cir. 2025) ........................................................................................... 11, 12
*Marshall v. Miller*,
  302 N.C. 539, 276 S.E.2d 397 (1981) .................................................................................... 25

*Milkovich v. Lorain Journal Co.*,
   497 U.S. 1 (1990) .................................................................................................... 22, 23
*Morgan v. AT & T Corp.*,
   608 S.E.2d 559 (N.C. Ct. App. 2005) ........................................................................ 25, 26
*Noble Bottling, LLC v. Reinhart Holdings, LLC*, No.,
   322CV00083KDBDCK, 2022 WL 3039771 (W.D.N.C. Aug. 1, 2022) ................................. 10
*Polo Fashions, Inc. v. Craftex, Inc.*,
   816 F.2d 145 (4th Cir. 1987) ............................................................................................ 25
*Santeiu v. Pergola Roof, LLC*,
   No. 3:25-CV-00328-KDB-SCR, 2025 WL 3270215 (W.D.N.C. Nov. 24, 2025) ................ 25
*Tire Eng'g & Distrib., LLC v. Shandong Linglong Rubber Co.*,
   682 F.3d 292 (4th Cir. 2012) .................................................................................... 13, 14
*Triage Logic Mgmt. & Consulting, LLC v. Innovative Triage Servs., LLC*,
   No. 20 CVS 399, 2020 WL 4597279 (N.C. Super. Aug. 11, 2020) .................................. 29
*UMG Recordings, Inc. v. Kurbanov*,
   963 F.3d 344 (4th Cir. 2020) .............................................................................................. 9
*Universal Leather, LLC v. Koro AR, S.A.*,
   773 F.3d 553 (4th Cir. 2014) .................................................................................... 11, 13
*Verisign, Inc. v. XYZ.COM LLC*,
   848 F.3d 292 (4th Cir. 2017) .................................................................................... 17, 18
*Walden v. Fiore*,
   571 U.S. 277 (2014) ........................................................................................................ 14
*Warren v. Cielo Ventures, Inc.*,
   293 N.C. App. 784, 901 S.E.2d 437 (N.C. 2024) ...................................................... 25, 26
*Young v. New Haven Advoc.*,
   315 F.3d 256 (4th Cir. 2002) ............................................................................................ 10
*Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*,
   952 F. Supp. 1119 (W.D. Pa. 1997) .................................................................................. 10

Statutes

15 U.S.C.A. § 1125(a)(1)(B) .................................................................................................. 18, 21
N.C. Gen. Stat. §75-1.1 ......................................................................................................... 25, 27
N.C. Gen. Stat. § 1-75.4(1)(d), (3) ................................................................................................. 8

Rules

Fed. R. Civ. P. 12(b)(2) .............................................................................................................. 5, 30
Fed. R. Civ. P. 12(b)(6) ........................................................................................................... Passim

INTRODUCTION

This action arises from a manufacturer's attempt to transform consumer criticism into litigation. Plaintiff, a fitness-equipment manufacturer, asserts claims for unfair competition and defamation based on product-review content posted online by Defendant, an individual consumer reviewer. Defendant is a citizen of Connecticut who does not reside in North Carolina, does not conduct business in North Carolina, and has no meaningful contacts with the state. Plaintiff's complaint relies on vague and conclusory allegations that fail to plausibly establish personal jurisdiction over Defendant or to plead the essential elements of any asserted claim. Accordingly, Defendants now move to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

FACTS

Defendants Adrian Gluck ("Gluck") and Gluck's Gym LLC ("Gluck's Gym") (collectively "Defendants") produce online reviews of fitness products. [ECF 1, ¶ 13.] Defendants are citizens of Killingworth, Connecticut, and conduct no business within any other state, including North Carolina. [ECF 1, ¶ 4.]; **Exhibit A**, Declaration of Gluck. Gluck and his company, Gluck's Gym, produce YouTube reviews of fitness equipment, which are posted across Defendants' social media accounts. [ECF 1, ¶¶ 13-17.]; **Exhibit A**, Declaration of Gluck. These reviews typically feature Gluck describing the product and offering his subjective opinion about the product. **Exhibit A**, Declaration of Gluck.

Plaintiff Advanced Fitness Concepts, Inc. d/b/a Vulcan Strength Training Systems ("Vulcan" or "Plaintiff") is a company that designs and sells commercial gym fitness equipment. [ECF 1, ¶ 9.] Vulcan is a registered North Carolina corporation, located in Charlotte, North Carolina. [ECF 1, ¶ 2.] Plaintiff engages in affiliate relationships with product reviewers like

Gluck, in which Plaintiff sends its equipment, sometimes at no charge, to product reviewers in the hopes that the reviewers will post a positive review of the product with the goal of increasing sales. To Defendants' knowledge, these affiliate relationships contain no contractual obligations to review a product in a positive light.

On September 11, 2025, Gluck posted a video to the Gluck's Gym YouTube channel titled, "This Is the Worst Product I've Ever Reviewed," in which he reviews Plaintiff's Talos All-in-One gym product. [ECF 1, ¶ 30.][1] Gluck's review was primarily, although not solely, negative and featured his subjective opinions about the product's functionality; Plaintiff's Complaint quotes these subjective opinions verbatim:

> Gluck calls Vulcan's web site "the world's worst website," with "low-res, grainy-ass pictures."; Gluck calls the ordering process "the worst experience I've ever had."; Gluck says Vulcan's pulleys "demonstrate every single thing you could do wrong," and that they "feel like shit."; Gluck says of the lat pull-down "there's no way they could have done worse," claiming at one point that there were "47 or so things" wrong with it; Gluck concludes by saying, "If I was one of the people that spent my money on this, I'd be pissed." [ECF 1, ¶ 33.]

On October 31, 2025, Plaintiff filed a complaint alleging that Gluck's video amounted to false and misleading representations of fact under the Lanham Act, defamation, unfair and deceptive trade practices under North Carolina law, and common law unfair competition. [ECF 1.] Plaintiff's Complaint is based only on its dislike and disagreement with Gluck's speech and does not establish the elements of any claims pled.

## LEGAL STANDARD

When personal jurisdiction is challenged under Fed. R. Civ. P. 12(b)(2), the burden is on the plaintiff to prove the court's jurisdiction over the defendants by a preponderance of the evidence. *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 396 (4th

---

[1] Available at https://www.youtube.com/watch?v=mUmEEvx5MM0&t=6s and provided as **Exhibit B**.

Cir. 2003). However, "when the court addresses the personal jurisdiction question by reviewing only the parties' motion papers, affidavits attached to the motion, supporting legal memoranda, and the allegations in the complaint, a plaintiff need only make a prima facie showing of personal jurisdiction to survive the jurisdictional challenge." *Grayson v. Anderson*, 816 F.3d 262, 268 (4th Cir. 2016). "In deciding whether the plaintiff has made the requisite showing, the Court must construe all allegations and evidence available relating to the issue of personal jurisdiction in the light most favorable to the plaintiff." *Lagonia v. Ratliff*, 438 F. Supp. 3d 607, 611 (W.D.N.C. 2020) (*citing Grayson* at 268).

## ARGUMENT

### I. Plaintiff's Claims Must Be Dismissed Because This Court Lacks Personal Jurisdiction Over the Defendants.

Plaintiff's claims must be dismissed because this Court lacks personal jurisdiction over the Defendants, who do not live or work in North Carolina, do not conduct business within North Carolina, and lack any meaningful connection with the state. To assert personal jurisdiction over a non-resident defendant, this Court must find that the exercise of jurisdiction is permitted by North Carolina's long-arm statute and that due process requirements are satisfied. *Christian Sci. Bd. of Directors of First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001). The plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *In re Celotex Corp.*, 124 F.3d 619, 628 (4th Cir. 1997). Although jurisdictional standards may adapt to technological change, technology cannot erase the constitutional limits on a state's power to exercise jurisdiction over a defendant. *ALS Scan, Inc. v. Digit. Serv. Consultants, Inc.*, 293 F.3d 707, 711 (4th Cir. 2002).

North Carolina's long-arm statute provides for jurisdiction over a defendant who is engaged in substantial activity within North Carolina or whose act or omission gave rise to the

action claiming injury to person or property in North Carolina. *See* N.C. Gen. Stat. § 1-75.4(1)(d), (3); *Christian Science Bd.*, 259 F.3d at 215. Thus, the dual jurisdictional requirements collapse into a single inquiry: whether the defendant has such "minimal contacts" with the forum state that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Courts can exercise either general or specific jurisdiction over a defendant. *ALS Scan, Inc.*, 293 F.3d at 711-712. "A limited liability company organized under the laws of a state is not a corporation…." *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004). "It is an unincorporated association, akin to a partnership for diversity purposes, whose citizenship is that of its members." *Id.*

Plaintiff's claims must be dismissed because this Court lacks general jurisdiction over Defendants, Connecticut residents, as they do not conduct any continuous or systematic activities in North Carolina[2]. This Court also lacks specific jurisdiction over Defendants because they did nothing to specifically target North Carolina, and Plaintiff's claims did not arise out of the Defendants' incidental contacts with the state.

### A. This Court cannot assert general jurisdiction over the Defendants.

A person is subject to general jurisdiction in his place of domicile. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). A limited liability company is also subject to jurisdiction in its place of

---

[2] For the purposes of personal jurisdiction, Defendant Gluck's Gym, LLC is also a resident of the State of Connecticut. [ECF 1, ¶ 4.] (stating that Defendant Gluck's Gym LLC is organized under Connecticut law); *see also Scholl v. Sagon RV Supercenter, LLC*, 249 F.R.D. 230, 235 (W.D.N.C. 2008) (stating that "an LLC possesses the citizenship of each of its members."). Since Defendant Gluck's Gym is "owned or controlled by Gluck," the allegations related to personal jurisdiction over Defendant Gluck have been analyzed as if equally applicable to Defendant Gluck's Gym. [ECF 1, ¶ 5.]; *see also Mountain Funding, LLC v. Blackwater Crossing, LLC*, No. 3:05 CV 513 MU, 2006 WL 1582403 at *2 (W.D.N.C. June 5, 2006) (stating that "[p]ersonal jurisdiction over a limited liability company does not automatically extend to its members. Instead, the members must have the requisite minimum contacts with the forum state independently of the limited liability company.").

domicile, which is the location of its members. *See Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004). General jurisdiction may also be asserted over a defendant whose activities in the forum state have been continuous and systematic, but the threshold for minimum contacts is significantly higher than that for specific jurisdiction. *ALS Scan, Inc.*, 293 F.3d at 715. The Defendants' domicile is in Connecticut, and they have no continuous or systematic presence in North Carolina. They do not have sufficient minimum contacts with North Carolina to establish general jurisdiction. Critically, Plaintiff's Complaint contains no allegations sufficient to confer general jurisdiction over Defendants in North Carolina.

### B. This Court cannot assert specific jurisdiction over Defendants.

There are three prongs to the specific jurisdiction test. A court may exercise specific jurisdiction when (1) the defendant has purposefully directed its activities at residents of the forum; (2) the litigation results from alleged injuries that arise out of or relate to those activities; and (3) the exercise of personal jurisdiction would be constitutionally reasonable. *UMG Recordings, Inc. v. Kurbanov*, 963 F.3d 344, 352 (4th Cir. 2020). Plaintiff's Complaint does not establish any of these three elements.

#### i. Defendants did not target North Carolina.

As to the first prong, the defendant must establish a substantial connection with the forum by deliberately engaging in activities within the forum state or by creating continuing obligations with the forum state's residents. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). Jurisdiction can only be exercised when a person, "through internet postings, manifests a specific intent to target and focus on North Carolina readers." *Young v. New Haven Advoc.*, 315 F.3d 256, 263 (4th Cir. 2002). North Carolina state courts are in agreement with the Fourth Circuit, holding that whether internet postings confer jurisdiction "hinges on the manifested intent and focus of the defendant." *See, e.g., Dailey v. Popma*, 191 N.C. App. 64, 75, 662 S.E.2d 12, 19 (2008).

10

In *ALS Scan, Inc.*, 293 F.3d at 714, the Fourth Circuit articulated its controlling test regarding purposeful availment in the context of internet-based forum contacts. There, the court held that "it would be difficult to accept a structural arrangement in which each State has unlimited judicial power over every citizen in each other State who uses the Internet." *Id.* at 713. A court may only exercise judicial power over a person outside of the state when that person "(1) directs electronic activity into the State, (2) with the manifested intent of engaging in business or other interactions with the State, and (3) that activity creates, in a person within the State, a potential cause of action cognizable in the state's courts." *Id.* at 714.

The *ALS Scan, Inc.* court adopted the model laid out in *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997). In *Zippo*, the court recognized a sliding scale for defining when electronic contacts with a state are sufficient. *ALS Scan, Inc.*, 293 F.3d at 713. At one end of the scale are situations in which a defendant clearly does business over the internet. *Id.* At the opposite end of the scale are situations where a defendant has simply posted information on the internet. *Id.* "A passive website that does little more than make information available to those who are interested in it is not grounds for the exercise of personal jurisdiction." *Id.* at 714. The middle ground is occupied by interactive websites where users are exchanging information with the host computer. *Id.* "In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the website." *Id.* The key issue is "whether the defendant has purposefully directed its activities at residents of the forum." *Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 142 (4th Cir. 2020).

"The effects of the act for which a plaintiff seeks relief must create a connection to the forum itself, not just to parties who happen to live there." *Khashoggi v. NSO Grp. Techs. Ltd.*, 138 F.4th 152, 160 (4th Cir. 2025). The connection must be "substantial," so that "a person cannot be

11

hauled into the forum simply because he knew that his conduct would have incidental effects there." *Id.* Not only must the connection be substantial, but the charged conduct must be "expressly aimed" at the forum, meaning *the forum must be the "focal point" of the conduct*. *Id.* (emphasis added).

Courts have held that emails and text messages directed at the forum can give rise to specific jurisdiction, but under circumstances different from this litigation. In *Noble Bottling, LLC v. Reinhart Holdings, LLC*, No. 322CV00083KDBDCK, 2022 WL 3039771, at *4 (W.D.N.C. Aug. 1, 2022), the court held that two emails sent from the defendant to the plaintiff in another state could form the basis for specific personal jurisdiction. This was because the defendant's *purpose* in sending those emails was to conceal that funds had been stolen, which formed the basis of the fraud claims before the court. *Id.* And in *Universal Leather*, jurisdiction was proper where the parties regularly corresponded via email over two years. *Universal Leather, LLC v. Koro AR, S.A.*, 773 F.3d 553, 562 (4th Cir. 2014). But in *Consulting Engineers Corporation v. Geometric Limited*, 561 F.3d 273, 282 (4th Cir. 2009), the parties exchanged four brief emails, several telephone conversations, and exchanged draft agreements. The Fourth Circuit declined to assert personal jurisdiction because the defendant's contacts with the forum were "too attenuated." *Id.*

The Defendants did not establish a substantial connection with North Carolina because they did not deliberately engage in activities or create obligations within the state. In the Defendants' YouTube video, they did not manifest a specific intent to target or focus on North Carolina viewers. Applying the *UMG Recordings* factors, Defendants do not maintain offices or agents in North Carolina, they do not maintain property there, they did not "reach into" the state to solicit business or engage in significant business activities within the state, they made no in-person contact with Vulcan, no contract was to be executed within the state, no choice of law

provision exists that would favor North Carolina, and the nature and quality of their contacts with Vulcan were sporadic and not substantial. **Exhibit A**, Declaration of Gluck.

Defendants' YouTube video falls on the "passive" end of the *Zippo* sliding scale, at which the defendant has simply posted information on the internet. The YouTube video is not interactive, does not collect any viewer information, and is not a two-way exchange. In *ALS Scan*, 293 F.3d at 713, the Fourth Circuit held that a passive website that does little more than make information available to those who are interested in it does not properly form the basis for personal jurisdiction. Defendants' YouTube video is just that—passive web content that makes information available to interested viewers. Plaintiff's Complaint also makes no allegations to the contrary.

The Fourth Circuit has repeatedly applied the *Calder* effects test to internet postings, holding that the speaker must intentionally and expressly target the forum, making the forum the focal point of the conduct. *Khashoggi*, 138 F.4th at 160. The connection to the forum must be "substantial." *Id.* Here, Plaintiff does not allege that Defendants intentionally and expressly targeted North Carolina. Rather, Plaintiff alleges that Defendants targeted Vulcan, not the forum state itself. The Fourth Circuit has been clear—the defendant must have targeted the *forum*. Accordingly, the Plaintiff does not meet its burden, and the exercise of specific jurisdiction would be improper.

The allegations in Plaintiff's Complaint fail to establish a connection to the forum based on Defendants' communications with Vulcan. Plaintiff claims that it engaged in a few sporadic communications with Mr. Gluck. [ECF1 ¶ ¶ 18-20]. Plaintiff alleges that four communications took place in 2024. *Id.* This sparse communication is insufficient to support specific jurisdiction and is unlike cases in which the parties regularly corresponded for months or years. *See, e.g., Universal Leather*, 773 F.3d at 562. This case is more like *Consulting Eng'rs Corp*, 561 F.3d at

13

282, in which the parties exchanged four brief emails, several telephone calls, and exchanged draft agreements. The Plaintiff's complaint alleges even less communication than in *Consulting Eng'rs Corp.*, and so according to the Fourth Circuit's precedent, the communications between Defendants and Vulcan cannot support a finding of specific jurisdiction.

Plaintiff's Complaint fails to establish that the Defendants purposefully availed themselves of the courts of North Carolina by targeting the state. Plaintiff had not pled that the Defendants aimed their commentary at North Carolina, or cultivate a North Carolina audience, or engage in any business, contract negotiations, or ongoing relationship with anyone else in the state, and did not direct their activities toward the forum in any legally cognizable way. Because purposeful availment requires intentional, forum-directed conduct, and because the Complaint alleges none, the first prong is not satisfied.

      ii. <u>This litigation does not arise out of Defendants' contact with the state.</u>

The second prong of specific jurisdiction requires that the plaintiff's claims arise out of the defendant's forum-directed activities, meaning the defendant's contacts with the forum must form the basis of the suit. The Fourth Circuit has repeated in multiple cases that "the analysis here is generally not complicated." *See, e.g.*, *Tire Eng'g & Distrib., LLC v. Shandong Linglong Rubber Co.*, 682 F.3d 292, 303 (4th Cir. 2012). "Where activity in the forum state is the genesis of the dispute, this prong is easily satisfied." *Id.* "The defendant's suit-related conduct must create a substantial connection with the forum state." *Walden v. Fiore*, 571 U.S. 277, 284 (2014).

Under this prong, courts consider another "effects test" such that personal jurisdiction is proper when (1) the defendant committed an intentional tort; (2) the plaintiff felt the brunt of the harm in the forum, such that the forum can be said to be the focal point of the harm; and (3) the defendant expressly aimed his tortious conduct at the forum, such that the forum can be said to be

the focal point of the tortious activity. *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs. Inc.*, 334 F.3d 390. 398 n.7 (4th Cir. 2003).

Vulcan's claim does not arise out of the Defendants' contacts with North Carolina because none of the Defendants' alleged contacts with the state are the reason this lawsuit was filed. The Defendants' YouTube video was created and uploaded in Connecticut. **Exhibit A**, Declaration of Gluck. The video was directed at a general audience, not specifically at anyone in North Carolina. **Exhibit A**, Declaration of Gluck. Vulcan presented no allegation that a higher proportion of viewership came from North Carolina. The test from the Fourth Circuit is whether activity in the forum state is the genesis of the dispute. *Tire Eng'g & Distrib., LLC.*, 682 F.3d at 303. A YouTube view from North Carolina cannot be attributed to Defendants' purposeful action. According to Vulcan's Complaint, the only activity Defendants engaged in that occurred within the forum state is communications between the parties. [ECF at ¶¶ 18-20]. These communications do not form the genesis of the dispute—the YouTube video does. In the absence of the video, communication between the parties would not give rise to this suit. Therefore, the activity within the forum is not the genesis of the dispute, and this prong of specific jurisdiction also fails.

       iii.  <u>The exercise of personal jurisdiction would be constitutionally unreasonable.</u>

In considering the third prong of specific personal jurisdiction, constitutional reasonableness, courts ensure the appropriateness of the forum. *Consulting Eng'rs Corp*, 561 F.3d at 279. Courts consider various factors, including

> (1) the burden on the defendant of litigating in the forum; (2) the interest of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the shared interest of the states in obtaining efficient resolution of disputes; and (5) the interests of the states in furthering substantive social policies.

*Id.* When the plaintiff cannot establish that the defendant satisfies the first two prongs of the specific jurisdiction inquiry, it is constitutionally unreasonable for a court to exercise jurisdiction. *Conopco, Inc. v. Rebel Smuggling, LLC*, No. 2:21-CV-347, 2021 WL 5909831, at *5 (E.D. Va. Dec. 14, 2021) (citing *Christian Sci. Bd.*, 259 F.3d at 217).

Because Vulcan cannot establish that the Defendants satisfy the first two prongs of the specific jurisdiction test, it would be constitutionally unreasonable for this Court to exercise jurisdiction. *See Christian Sci Bd.*, 259 F.3d at 217. Looking at the reasonableness factors laid out by *Consulting Eng'rs Corp.*, 561 F.3d at 279, the burden on the Defendants of litigating in North Carolina is great and would impose a substantial hardship on them. North Carolina does not have a special interest greater than any other jurisdiction in litigating this dispute. Vulcan's interest in obtaining effective relief can be achieved by litigating this dispute in Connecticut, where Defendants reside and can be sued absent any constitutional, jurisdictional concerns. Accordingly, Vulcan is unable to satisfy any of the prongs of the specific jurisdiction test, and this action should be dismissed for lack of personal jurisdiction.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

Respectfully submitted,

Dated: December 29, 2025

/s/ *John Di Giacomo*
John Di Giacomo
Attorney for Defendants
Appearing *Pro Hac Vice*
Revision Legal, PLLC
444 Cass Street, Suite D
Traverse City, MI 49684
(231) 714-0100

john@revisionlegal.com

Dated: December 29, 2025

/s/ *W. Michael Boyer*
W. Michael Boyer
N.C. State Bar No. 49098
*Designated Local Counsel for Defendants*
Carolina Craft Legal
4805 Ridge Haven Court
Greensboro, NC 27410
(336) 944-2132
michael@carolinacraftlegal.com

## CERTIFICATE OF SERVICE

       I hereby certify that on December 29, 2025, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to the email address indicated on the Court's Electronic Mail Notice.

       REVISION LEGAL, PLLC
       By: /s/ John Di Giacomo
       John Di Giacomo (Pro Hac Vice)
       Revision Legal, PLLC
       444 Cass Street, Suite D
       Traverse City, MI 49684
       Phone: (231) 714-0100
       Email: john@revisionlegal.com