UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

**ADVANCED FITNESS CONCEPTS, INC.**
**d/b/a VULCAN STRENGTH**
**TRAINING SYSTEMS,**

    Plaintiff,                                                  Civil Action No. 3:25-cv-878

v.

**ADRIAN GLUCK and GLUCK'S GYM LLC,**

    Defendants.

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT

Defendants Adrian Gluck and Gluck's Gym LLC (collectively, "Defendants"), by and through undersigned counsel, hereby respond to Plaintiff's Motion for Leave to File Supplemental Complaint as follows:

### ARGUMENT

This case involves a home gym manufacturer's attempt to silence critical reviews of its products, which were made by a home gym equipment enthusiast with no connection to this state. As stated in Defendants' previous briefing, this case should not have been filed. Now, Plaintiff desires to file a Supplemental Complaint to add additional false, misleading, and deceptive "facts" to its Complaint to mislead the Court into believing that it maintains an actionable cause of action. Plaintiff's proposed Supplemental Complaint mischaracterizes the facts, is intended to deceive the Court, and contains numerous irrelevant allegations that do not

1

support any of Plaintiff's legal claims. For these reasons, its Supplemental Complaint must be denied.

"As a general rule, facts accruing after the suit is brought may not be inserted by way of amendment but must be added by supplemental pleading." *See, e.g., Young-Henderson v. Spartanburg Area Mental Health Ctr.*, 945 F.2d 770, 775 (4th Cir. 1991) (citing Fed. R. Civ. P. 15(d)). This distinction "is of little practical significance," however, because district courts use "nearly identical" standards of review when ruling on motions to amend pleadings versus motions to supplement them. *Franks v. Ross*, 313 F.3d 184, 198 n.15 (4th Cir. 2002). "In either situation, leave should be freely granted, and should be denied only where good reason exists, such as prejudice" to the opposing party or because the moving party acted in bad faith. *Id.* The court also may "deny leave to supplement or amend where the proposed supplement is 'clearly insufficient or frivolous on its face.'" *Barber v. Hall*, No. 7:14cv519, 2015 WL 5310790, at *5 (W.D. Va. Sept. 11, 2015) (quoting *Anand v. Ocwen Loan Serv'g*, 754 F.3d 195, 200 (4th Cir. 2014)). "Delay alone is an insufficient reason to deny leave" under Rule 15. *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999). "Rather, the delay must be accompanied by prejudice, bad faith, or futility." *Id.*

The denial of Plaintiff's Motion for Leave to File Supplemental Complaint is warranted here for two reasons. First, the Plaintiff's Supplemental Complaint is replete with mischaracterizations of facts and incomplete quotations attributed to the Defendants, edited in a way that conceals the full and accurate picture of this dispute. And second, the Supplemental Complaint contains many irrelevant allegations that do not support any of Plaintiff's legal claims.

While a Plaintiff's complaint is typically construed in the light most favorable to it, this legal doctrine does not apply when there is clear evidence to the contrary. "When the plaintiff

attaches or incorporates a document upon which his claim is based, or when the complaint otherwise shows that the plaintiff has adopted the contents of the document, crediting the document over conflicting allegations in the complaint is proper." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 167 (4th Cir. 2016). Here, the video that forms the basis of Plaintiff's Complaint directly and explicitly contradicts many of the statements made in the Supplemental Complaint[1]. Accordingly, the video should be credited, and the Supplemental Complaint should not be considered by the Court. A plaintiff does not act in good faith when it intentionally misconstrues facts to manipulate the Court. This is exactly what Plaintiff has done in its Supplemental Complaint. Because the Fourth Circuit denies leave where the moving party acts in bad faith, *Franks*, 313 F.3d at 198 n.15, this Court should deny Plaintiff's motion.

Plaintiff's Supplemental Complaint characterizes Gluck's speech as "defamatory" and, in support, presents only part of Gluck's statements. For example, one of the partial quotes from Vulcan's Supplemental Complaint states, "Vulan's allegations are 'misleading and inaccurate.'" (Supplemental Complaint at 2 ¶ 5) The full quote is, "I think their allegations are often misleading and inaccurate." (Video at 0:36) The full quote offers important context, demonstrating that Gluck was giving his opinion and his personal characterization about a lawsuit he is involved in. This is protected speech under the First Amendment. Vulcan also omitted the portion of Gluck's quote in which he said, "This lawsuit **in my opinion** is a bullying tactic. It's intimidation." (Video at 1:02) The <u>only</u> portion of that quote that Vulcan's Supplemental Complaint omits is the portion in which Gluck says "**in my opinion**." That language is in the middle of the quote. This exclusion materially alters the character of the quoted statement and obscures the plainly opinion-based nature of the remark. The only reason to cut those words out of the quote is to mislead the court, because it is

---

[1] See https://www.youtube.com/watch?v=CuDIMztL9OU.

well-settled law that statements of opinion are not actionable as defamation. To obscure the clear intent of the speaker, who stated that he is expressing his opinion, is a manipulative tactic taken in bad faith.

Vulcan's Supplemental Complaint selectively quotes Defendants, omitting the portions of the statements that place them in their full and accurate context, cobbling incomplete quotes together in a way that materially changes the events that unfolded. For example, the Supplemental Complaint states that Gluck described the ordering process for the Vulcan Talos as "difficult" and "confusing." (Supplemental Complaint at 3 ¶ 10) "But he then admits that Vulcan personnel 'were very helpful in helping me figure out how and what to order,'" a statement that Plaintiff characterizes as materially misleading. Plaintiff's characterization makes it look like Defendants said two directly conflicting things, implying that one of the statements must have been false. The *actual* quote from Gluck's updated video is "I had trouble figuring out what to order because, as I said to Vulcan, the website is difficult to navigate and understand." (Video at 2:43) Gluck made this statement while showing Plaintiff's website in the background of his video, providing visual support for his opinion. Gluck then goes on to say that later, when he was helped by Vulcan customer service, specifically by the company's CEO, his experience improved, and he characterized the service as helpful. (Video at 4:06) In other words, he found the website ordering process to be difficult and the live customer service to be helpful. These are not two conflicting statements as Plaintiff's Complaint would lead the Court to believe.

The material omissions of Gluck's speech were intentionally left out of Plaintiff's Complaint because the full truth does not serve its narrative. This selective patchwork of quotes paints an inaccurate picture of Defendants' conduct and is intentionally done to mislead the Court. If Plaintiff wants to amend its Complaint, it should do so accurately and in good faith.

4

Plaintiff's Supplemental Complaint is frivolous and lacks a basis in law. In evaluating the legal sufficiency of a complaint, a court considers whether the complaint on its face states plausible claims upon which relief can be granted. *Francis v. Giacomelli*, 588 F.3d 186, 189 (4th Cir. 2009). A complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not shown that the pleader is entitled to relief. *Francis*, 588 F.3d at 193.

Paragraphs 41-63 of Plaintiff's Supplemental Complaint contain only a formulaic re-recitation of the elements of its claims and contain no new information. Nor does it incorporate any of the preceding allegations to demonstrate a connection that would entitle Plaintiff to relief. The Supplemental Complaint also contains many allegations that are irrelevant to its legal claims. For example, the Supplemental Complaint contains multiple paragraphs detailing the payment agreement between Defendants and their counsel and states that Defendants' counsel offered to represent them pro bono. (Supplemental Complaint at 11, ¶ 37) This does not relate to any of Plaintiff's legal claims, nor does Plaintiff tie this allegation to a claim. The Complaint also states that Gluck raised money through GoFundMe, a crowdfunding website. (Supplemental Complaint at 11 ¶ 38) Again, this has no relevance to Plaintiff's legal claims, nor does Plaintiff ever attempt to tie these allegations to any of its claims. Plaintiff's Supplemental Complaint contains factual allegations that are untethered to the elements of the asserted causes of action. The factual allegations in a complaint must plausibly support Plaintiff's claims and not just recite a narrative. *See Francis*, 588 F.3d at 193. Accordingly, Plaintiff's Supplemental Complaint should be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiff's request for leave to file a Supplemental Complaint should be denied.

Dated: January 13, 2026

/s/ *John Di Giacomo*
John Di Giacomo
Attorney for Defendants
Appearing *Pro Hac Vice*
Revision Legal, PLLC
444 Cass Street, Suite D
Traverse City, MI 49684
(231) 714-0100
john@revisionlegal.com

/s/ *W. Michael Boyer*
W. Michael Boyer
N.C. State Bar No. 49098
*Designated Local Counsel for Defendants*
Carolina Craft Legal
4805 Ridge Haven Court
Greensboro, NC 27410
(336) 944-2132
michael@carolinacraftlegal.com

## CERTIFICATE OF SERVICE

       I hereby certify that on January 13, 2026, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to the email address indicated on the Court's Electronic Mail Notice.

REVISION LEGAL, PLLC
By: /s/ John Di Giacomo
John Di Giacomo (Pro Hac Vice)
Revision Legal, PLLC
444 Cass Street, Suite D
Traverse City, MI 49684
Phone: (231) 714-0100
Email: john@revisionlegal.com

# CERTIFICATE REGARDING USE OF ARTIFICIAL INTELLIGENCE

I hereby certify the following:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg; and

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

REVISION LEGAL, PLLC
By: /s/ John Di Giacomo
John Di Giacomo (Pro Hac Vice)
Revision Legal, PLLC
444 Cass Street, Suite D
Traverse City, MI 49684
Phone: (231) 714-0100
Email: john@revisionlegal.com