IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| ADVANCED FITNESS CONCEPTS, INC. d/b/a VULCAN STRENGTH TRAINING SYSTEMS,<br><br>Plaintiff,<br><br>v.<br><br>ADRIAN GLUCK and GLUCK'S GYM LLC,<br><br>Defendants. | Civil Action No. 3:25-cv-878-FDW-SCR |

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION
## FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT

Plaintiff Advanced Fitness Concepts, Inc. d/b/a Vulcan Strength Training Systems ("Vulcan" or "Plaintiff"), pursuant to LCivR 7.1(e), respectfully submits this reply to respond certain points newly raised in Defendants' Response (Doc. No. 19) to Vulcan's Motion For Leave To File Supplemental Complaint (Doc. No. 14).

### I. "BAD FAITH" PROVIDES NO BASIS TO DENY THE MOTION

Defendants argue (Defendants' Response at 3) that "the Fourth Circuit denies leave where the moving party acts in bad faith," *citing Franks v. Ross*, 313 F.3d 184, 198 n.15 (4th Cir. 2002). In fact, note 15 in the *Franks* opinion makes no reference to bad faith. It says only that "leave should be freely granted, and should be denied only where 'good reason exists . . ., such as prejudice to the defendants.'" (ellipses in original, *quoting Walker v. United Parcel Serv.*, 240 F.3d 1268, 1278 (10th Cir. 2001) (internal quotation and citation omitted).

The Fourth Circuit has occasionally noted that "bad faith" can be a basis for denying a Rule 15 motion, but usually only in the context of an unreasonable delay in seeking to amend.

*See, e.g., Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986) ("The delay must be accompanied by prejudice, bad faith, or futility") (footnote and citations omitted). There has been no such delay here. Defendants cite no Fourth Circuit cases that have actually denied a motion to supplement because of bad faith, and Vulcan is aware of none.

In any event, the supposed "bad faith" identified by Defendants in this case is nothing of the kind. They claim that the allegations about Gluck calling the lawsuit "a 'bullying tactic' and 'intimidation'" are intended to "mislead the Court" because they do not note that Gluck preceded those assertions with the phrase "in my opinion." (Defendants' Response at 3) But it is black-letter law that "a defendant cannot escape liability for making a false assertion of fact by prefacing that assertion with the words 'in my opinion.'" *Hatfill v. N.Y. Times Co.,* 416 F.3d 320, 333-34 (4th Cir. 2005), *citing Milkovich v. Lorain Journal Co.,* 497 U.S. 1, 18-19, 111 L. Ed. 2d 1, 110 S. Ct. 2695 (1990). Vulcan's Supplemental Complaint appropriately focuses on the relevant, actionable statements in Gluck's video. It has no obligation to reference other language, especially that which is neither dispositive nor exculpatory.

## II. THE SUPPLEMENTAL COMPLAINT IS NOT FRIVOLOUS

Defendants initially acknowledge that the governing standard under Rule 15 is whether the Supplemental Complaint is "clearly insufficient or frivolous on its face," (Defendants' Response at 2), but their primary argument abandons that standard, claiming only that the Supplemental Complaint "contains many allegations that are irrelevant to its legal claims," (*id.* at 5), which is a very different thing.

In any event, the only allegations Defendants specifically mention (*id.*) are in fact highly relevant. The fact that Gluck claimed in the public video that Defendants had already paid a lawyer and would incur "a lot of fees and costs," without disclosing that their lawyer was representing them for free (Supplemental Complaint, Doc. No. 14-1 at 11, ¶ 38), is itself a

2

material misrepresentation.  The leveraging of such misrepresentations to induce viewers to give them tens of thousands of dollars (*id.*, ¶¶ 39-41) goes directly to the profits Defendants have realized from their misconduct, and supports the disgorgement remedy the Supplemental Complaint requests.

## CONCLUSION

Defendants' Response fails to articulate any proper basis for refusing leave to file the Supplemental Complaint.  Vulcan respectfully requests that the Motion be granted.


Dated:  January 14, 2026                               Respectfully submitted,

**/s/Rodrick J. Enns**
Rodrick J. Enns
N.C. State Bar No. 12151
ENNS & ARCHER LLP
939 Burke Street
Winston-Salem, NC  27101
Telephone:  (336) 723-5180
E-mail:  renns@ennsandarcher.com

*Attorneys for Plaintiff Advanced Fitness Concepts, Inc. d/b/a Vulcan Strength Training Systems*


### Certification of Counsel Concerning Use of Artificial Intelligence

The undersigned counsel hereby certifies that:

1.  No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the Lexis on-line legal research service; and

2.  Every statement and every citation to an authority contained in this document has been checked by the undersigned attorney in this case as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

3

Dated: January 14, 2026        **/s/Rodrick J. Enns**
Rodrick J. Enns
N.C. State Bar No. 12151
ENNS & ARCHER LLP
939 Burke Street
Winston-Salem, NC  27101
Telephone:  (336) 723-5180
E-mail:  renns@ennsandarcher.com

*Attorneys for Plaintiff Advanced Fitness Concepts, Inc. d/b/a Vulcan Strength Training Systems*