UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

---

**ADVANCED FITNESS CONCEPTS, INC.**
**d/b/a VULCAN STRENGTH**
**TRAINING SYSTEMS,**

    Plaintiff,                                              Civil Action No. 3:25-cv-878

v.

**ADRIAN GLUCK and GLUCK'S GYM LLC,**

    Defendants.

---

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendants, by and through undersigned counsel, hereby reply to Plaintiff's Response to their Motion to Dismiss as follows:

I. **Plaintiff's Claims Must Be Dismissed Because This Court Lacks Personal Jurisdiction Over the Defendants.**

The plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *In re Celotex Corp.*, 124 F.3d 619, 628 (4th Cir. 1997). Vulcan fails to meet that burden. Plaintiff relies on an Affiliate Agreement[1] and communication between the parties, Plaintiff asserts no contract claim, and its tort claims do not arise out of Defendants' forum-directed conduct.

---

[1] Notably, Plaintiff has also provided no evidence establishing that Exhibit D represents a true copy of the Vulcan Terms and Conditions in place at the time of the creation of Defendant Gluck's affiliate relationship with Plaintiff or authenticated evidence that Defendant had actual or constructive knowledge of Vulcan's Terms and Conditions in 2021. *See Watkins v. Carr*, No. CV PX-17-0819, 2018 10741730, at *3 (D. Md. Jan. 12, 2018) ("Because a browsewrap agreement does not require the same user interaction as a click through agreement, courts have require the party seeking to enforce a browsewrap agreement to produce evidence of the user's actual or constructive knowledge and of assent to its terms.").

1

Rather, they arise from Defendants' YouTube video, which was produced and published outside of North Carolina and not expressly aimed at North Carolina. Accordingly, the Court should dismiss for lack of personal jurisdiction.

### A. Plaintiff has not demonstrated purposeful availment.

Purposeful availment requires that the defendant establish a substantial connection with the forum by deliberately engaging in activities within the forum state or by creating continuing obligations with the forum state's residents. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). Jurisdiction can only be exercised when a person, "through internet postings, manifests a specific intent to target and focus on North Carolina readers." *Young v. New Haven Advoc.*, 315 F.3d 256, 263 (4th Cir. 2002). Defendants have not, and Plaintiff has failed to show, that the Defendants engaged in activities in North Carolina, nor have they created continuing obligations with North Carolina residents. Plaintiff has also failed to show that Defendants manifested a specific intent to target a North Carolina audience.

"The effects of the act for which a plaintiff seeks relief must create a connection to the forum itself, not just to parties who happen to live there." *Khashoggi v. NSO Grp. Techs. Ltd.*, 138 F.4th 152, 160 (4th Cir. 2025). The connection must be "substantial," and the charged conduct must be "expressly aimed" at the forum, meaning *the forum must be the "focal point" of the conduct*. *Id.* (emphasis added). Plaintiff has failed to show that North Carolina was the focal point of the conduct. Rather, Plaintiff focuses on Defendants' alleged targeting of Plaintiff, not the targeting of North Carolina. That is not the test: specific jurisdiction must arise from contacts with the forum itself, not contacts with a forum resident. *Walden v. Fiore*, 571 U.S. 277, 288 (2014).

Because purposeful availment "is not susceptible to a mechanical application," courts consider multiple case-specific factors. *UMG Recordings, Inc. v. Kurbanov*, 963 F.3d 344, 352 (4th Cir. 2020). Plaintiff emphasizes that Defendants initiated contact, but initiation is not dispositive,

2

Case 3:25-cv-00878-FDW-SCR    Document 21    Filed 01/19/26    Page 2 of 9

and the cases Plaintiff cites involve different facts and far more substantial forum-directed conduct than is alleged here. For example, in *CFA Inst. v. Inst. of Chartered Fin. Analysts of India*, 551 F.3d 285, 295 (4th Cir. 2009), the Fourth Circuit accorded special weight in its personal jurisdiction analysis to the fact that the defendant initiated contact with the Plaintiff. However, in that case, the Defendants traveled to the forum state in person to discuss the possibility of entering into a business relationship, *id.* at 293-94, and that visit "sparked ongoing transactions" between the parties, *id.* at 295, that merited the court giving special weight. Similarly, in *dmarcian, Inc. v. dmarcian Eur. B*V, 60 F.4th 119, 134 (4th Cir. 2023), the court looked at who initiated contact in a case in which the defendant was visiting the plaintiff in person to solicit and conduct business. Whether the defendant first contacted the plaintiff is only one factor courts consider, and, as Plaintiff pointed out in its Response, these cases involve relationships in which the defendant made in-person contact with the plaintiff. Defendants have never traveled to North Carolina for the purposes of this relationship, nor did they engage in any of the materially significant conduct that occurred in the cases Plaintiff cited.

As to the nature, quality, and extent of communications between the parties, Defendant responded to the allegations in Plaintiff's Complaint. The plaintiff bears the burden to make a prima facie showing of personal jurisdiction. *Grayson v. Anderson*, 816 F.3d 262, 268 (4th Cir. 2016). Defendants' motion addressed the jurisdictional allegations as pled. Plaintiff's insinuation that Defendants "implied" there were only four communications between the parties is misplaced. If Plaintiff wanted Defendants to address the entire volume of communication between the parties, then Plaintiff should have included those communications in its Complaint. Rhe due process inquiry turns on whether Plaintiff's tort claims arise out of Defendants' forum-directed conduct,

3

Case 3:25-cv-00878-FDW-SCR    Document 21    Filed 01/19/26    Page 3 of 9

and they do not. Plaintiff's claims arise out of the YouTube video and **not** the Affiliate Agreement between the parties.

Plaintiff's reliance on where it felt the alleged injury misses the constitutional requirement that jurisdiction be based on Defendants' contact with North Carolina itself, not Plaintiff's residence. *Khashoggi*, 138 F.4th at 160. Plaintiff's "impact on North Carolina public" argument improperly rests on foreseeability. But "[a]lthough it has been argued that foreseeability of causing *injury* in another State should be sufficient to establish such contacts there when policy considerations so require, the Court has consistently held that this kind of foreseeability is not a 'sufficient benchmark' for exercising personal jurisdiction." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980)); *see also World-Wide Volkswagen*, 444 U.S. at 295 ("Yet foreseeability alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause."). And Plaintiff's "reasonable anticipation" point restates its purposeful availment theory and does not supply the required jurisdictional link. Plaintiff's causes of action arise from a publication (the YouTube video), not from the enforcement of the Affiliate Agreement or any terms and conditions on Plaintiff's website.

### B. Plaintiff's claims do not arise out of Defendants' contact with the State.

Plaintiff attempts to convert an internet publication case into a contract dispute to manufacture specific jurisdiction where it is not present. The Affiliate Agreement is not the operative conduct giving rise to any claim in this case. The claims are about the YouTube video. If Plaintiff believed Defendants breached the Affiliate Agreement, it could have sued for breach of contract and invoked contract-based jurisdiction. But Plaintiff chose not to do so. Plaintiff cannot obtain specific jurisdiction over Defendants for publication-based tort claims by pointing to

4

unrelated contract performance. Specific jurisdiction requires that the claims arise out of the Defendants' forum-directed conduct, not merely that the forum relationship existed in the background.

"Where activity in the forum state is the genesis of the dispute," the plaintiff's claims arise out of the defendant's forum-directed activities. *Tire Eng'g & Distrib., LLC v. Shandong Linglong Rubber Co.*, 682 F.3d 292, 303 (4th Cir. 2012). As Plaintiff conceded in its Response, "Posting of the defamatory video was the culmination of Defendants' scheme, but not the genesis or beginning of it." (Response at 12) As Plaintiff stated, "The current dispute had its genesis in Defendants reaching out to establish an Affiliate Agreement with Vulcan in North Carolina." (Response at 12). That concession alone is dispositive, defeats specific jurisdiction, and is fatal to Plaintiff's attempt to establish the required nexus. Plaintiff's claims do not "arise out of" the affiliate relationship. They arise out of Defendants' alleged tortious publication of statements to a general audience. The Affiliate Agreement may be factual background, but it is not the forum-directed conduct giving rise to the causes of action.

Plaintiff incorrectly asserts that *ALS Scan* applies only where a defendant's sole forum contact is its website. Courts in this District have applied *ALS Scan* even when other contacts exist. *BohoBlu, LLC v. BluBoho.com Inc.*, No. 323CV00016RJCSCR, 2024 WL 1364755, (W.D.N.C. Mar. 1, 2024) *see also Bell v. Brownie*, No. 3:15CV70, 2016 WL 447723, (W.D.N.C. Feb. 4, 2016); *Moseley v. Fillmore Co.*, 725 F. Supp. 2d 549, 552 (W.D.N.C. 2010). For example, in *Noble Bottling*—a case Plaintiff relies on in its Response—this Court applied *ALS Scan* despite allegations of email communications supporting jurisdiction. *ALS Scan* remains applicable here. Plaintiff cannot rely on *Noble Bottling* and disclaim *ALS Scan*. Under *ALS Scan*, the Court should

5

dismiss for lack of personal jurisdiction because Defendants did not direct electronic activity into the state with the intent to engage in business or other activities with North Carolina.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(2).

Dated: January 19, 2026

/s/ *John Di Giacomo*
John Di Giacomo
Attorney for Defendants
Appearing *Pro Hac Vice*
Revision Legal, PLLC
444 Cass Street, Suite D
Traverse City, MI 49684
(231) 714-0100
john@revisionlegal.com

/s/ *W. Michael Boyer*
W. Michael Boyer
N.C. State Bar No. 49098
*Designated Local Counsel for Defendants*
Carolina Craft Legal
4805 Ridge Haven Court
Greensboro, NC 27410
(336) 944-2132
michael@carolinacraftlegal.com

## CERTIFICATE OF SERVICE

   I hereby certify that on January 19, 2026, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to the email address indicated on the Court's Electronic Mail Notice.

               REVISION LEGAL, PLLC
               By: /s/ John Di Giacomo
               John Di Giacomo (Pro Hac Vice)
               Revision Legal, PLLC
               444 Cass Street, Suite D
               Traverse City, MI 49684
               Phone: (231) 714-0100
               Email: john@revisionlegal.com

## CERTIFICATE REGARDING USE OF ARTIFICIAL INTELLIGENCE

I hereby certify the following:

1. No artificial intelligence was employed in doing the research for the preparation of this document or the initial motion upon which it is based, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg; and

2. Every statement and every citation to an authority contained in this document or the initial motion on which it was based has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

REVISION LEGAL, PLLC  
By: /s/ John Di Giacomo  
John Di Giacomo (Pro Hac Vice)  
Revision Legal, PLLC  
444 Cass Street, Suite D  
Traverse City, MI 49684  
Phone: (231) 714-0100  
Email: john@revisionlegal.com

# CERTIFICATE OF COMPLIANCE WITH STANDING ORDER REGARDING CIVIL CASE MANAGEMENT

I hereby certify that the foregoing document is 1,500 words in compliance with Standing Order Regarding Civil Case Management Section 3(b)(iv) as reported by Microsoft Word 16.101.

REVISION LEGAL, PLLC
By: /s/ John Di Giacomo
John Di Giacomo (Pro Hac Vice)
Revision Legal, PLLC
444 Cass Street, Suite D
Traverse City, MI 49684
Phone: (231) 714-0100
Email: john@revisionlegal.com

9

Case 3:25-cv-00878-FDW-SCR   Document 21   Filed 01/19/26   Page 9 of 9