| | |
|---|---|
| ADVANCED FITNESS CONCEPTS INC. D/B/A VULCAN STRENGTH TRAINING SYSTEMS, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| ADRIAN GLUCK AND GLUCK'S GYM LLC, | ) ) ) |
| Defendants. | ) ) ) |

ORDER

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss Plaintiff's

Complaint. (Doc. No. 12.) This matter has been fully briefed and is ripe for review. (Doc. Nos. 12,

16, 21.) For the reasons stated below, Defendant's Motion is **DENIED**.

## I. BACKGROUND[1]

Plaintiff is a North Carolina small business which sells gym equipment. (Doc. No. 1, pp.

1–3.) One of its products is the TALOS All-In-One Gym (the "TALOS equipment"). (Id. p. 4.)

Defendants are citizens of Connecticut. (Id. p. 2.) Defendant Adrian Gluck ("Defendant Gluck")

is an individual who posts videos reviewing fitness equipment online. (Id.) Plaintiff has an Affiliate

Program where, in order to be approved, an applicant must create an account and accept the

Affiliate Agreement (the "Agreement"). (Doc. Nos. 1, p. 5; 17, pp. 1–3.) The Agreement provides

Defendants receive commission on the sales of Plaintiff's products through Defendants'

---

[1] Pursuant to the standard for analyzing a Motion to Dismiss under Rule 12(b)(2), the following facts are derived from Plaintiff's Complaint, Defendants' Motion to Dismiss, Plaintiff's Response, Defendants' Reply, and the Parties' various affidavits. See White v. Aetna Life Ins. Co., 519 F. Supp. 3d 253, 258 (W.D.N.C. Feb. 9, 2021).

1

advertising efforts; Plaintiff may provide products to Defendants for their review; and Defendants would not slander, misrepresent, or disparage Plaintiff's products, services, or reputation. (Doc. No. 1, p. 5.) Plaintiff's website also has a "Terms and Conditions" which contains the following forum selection clause: "You agree that jurisdiction over and venue in any legal proceeding directly or indirectly arising out of or relating to this site (including but not limited to the purchased of Vulcan Strength Training System products) shall be in the state or federal courts located in Charlotte, North Carolina." (Doc. No. 17–4, p. 3.) According to Plaintiff, this page is "linked on every main page of our web site, including on the Agreement page. (Doc. No. 17, p. 2.) The Agreement also incorporates the Terms and Conditions page by stating, "[t]his Agreement contains the Terms & Conditions that apply to each individual person or entity that joins the Vulcan Strength Training Systems Affiliate Program." (Doc. No. 17–5, p. 2.) In order to accept the Agreement and enter into the Affiliate Program, the user must click "Yes, I do agree." (Doc. No. 17, p. 3.) In 2021, Plaintiff entered into Plaintiff's Affiliate Program. (Doc. Nos 17, p. 3; 17–6, p. 2.)

Between July 2024 and May 2025, Defendant Gluck made multiple requests to Plaintiff to review the TALOS equipment. (Doc. No. 1, p. 5.) In June 2025, Plaintiff provided Defendants with the TALOS equipment for their review. (Id.) After receiving the product, Plaintiff and Defendants engaged in multiple e-mails regarding missing parts and installation instructions. (Id. pp. 5–6.) The parties were unable to resolve the issues, and Plaintiff committed to retrieving the product from Defendants. (Id. p. 6.) Defendants then posted a video on their own website and YouTube channel, detailing a negative review of the TALOS equipment. (Id. pp. 6–7.) This video was made and uploaded in Connecticut, and at no point did Defendants physically enter North

2

Carolina for business. (Doc. No. 12–2, p. 3.) According to Plaintiff, Defendants' commentary was "intentionally false, misleading, and disparaging . . . ." (Doc. No. 1, p. 7.)

On October 31, 2025, Plaintiff filed its Complaint, raising claims for False and Misleading Representations of Fact, Defamation, Unfair and Deceptive Trade Practices, and Common Law Unfair Competition. (Id. pp. 11–14.) On December 29, 2025, Defendants filed their Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2), arguing the Court lacks general and specific jurisdiction. (Doc. No. 12.) Plaintiff filed a Response opposing the Motion on January 12, 2026. (Doc. No. 16.)

## II.      STANDARD OF REVIEW

Rule 12 (b)(2) provides for dismissal for "lack of personal jurisdiction[] . . . ." Fed. R. Civ. P. 12(b)(2). Under Rule 12(b)(2), the defendant is required to affirmatively raise a personal jurisdiction challenge, "but the plaintiff bears the burden of demonstrating personal jurisdiction at every stage . . . ." Grayson v. Anderson, 816 F.3d 262, 267 (4th Cir. 2016). "[W]hen the court addresses the personal jurisdiction question by reviewing only the parties' motion papers, affidavits attached to the motion, supporting legal memoranda, and the allegations in the complaint, a plaintiff need only make a prima facie showing of personal jurisdiction to survive the jurisdictional challenge." Grayson, 816 F.3d at 268 (citing Combs v. Baker, 886 F.2d 673, 676 (4th Cir. 1989)). Although the court may consider affidavits submitted by both parties, factual disputes and all reasonable inferences must be made in favor of the party asserting jurisdiction. White v. Aetna Life Ins. Co., 519 F. Supp. 3d 253, 258 (W.D.N.C. Feb. 9, 2021). "The court must then determine whether the facts proffered by the party asserting jurisdiction make out a case of personal jurisdiction over the party challenging jurisdiction." Id. (citing Sneha Media & Entm't, LLC v. Associated Broad. Co. P Ltd., 911 F.3d 192, 196-97 (4th Cir. 2018)).

The determination of personal jurisdiction is based upon a two-part inquiry. First, the court must determine if the assertion of personal jurisdiction is proper, given North Carolina's long-arm statute. Christian Sci. Bd. Of Dirs. of the First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001). Second, the court must determine if the assertion of personal jurisdiction is constitutional given due process requirements. Id, North Carolina's long-arm statute has historically been construed to be coextensive with the Due Process Clause, collapsing the statutory and constitutional requirements into a single inquiry over personal jurisdiction. Nolan, 259 F.3d at 215. This single inquiry hinges on the defendant having "minimum contacts" with the forum state, such that exercising jurisdiction does not offend "traditional notions of fair play and substantial justice." Id. (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

There are two types of personal jurisdiction that can be established: general jurisdiction or specific jurisdiction. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414, n. 8, 9 (1984). The appropriateness of exercising personal jurisdiction is a fact specific inquiry, to be determined based on the circumstances of each case. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 485-86 (1985). General jurisdiction exists over a nonresident defendant "if the defendant has contacts with the State that are so 'continuous and systematic' as to render them 'essentially at home in the forum State.'" Jacobs v. Stein, No. 316CV00768MOCDSC, 2017 WL 1017125, at *2 (W.D.N.C. Mar. 15, 2017) (quoting Goodyear Dunlop Tiers Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)). Absent general jurisdiction, "[s]pecific jurisdiction is appropriate when when 'the defendant's contacts with the State . . . have been so substantial that they amount to a surrogate for presence and thus render . . . [North Carolina's] exercise of sovereignty just.'" Farrar v. McFarlane Aviation, Inc., 823 F. App'x 161, 163 (4th Cir. 2020) (quoting Sneha Media & Entm't LLC v. Associated Broad Co. P. Ltd., 911 F.3d 192, 198 (4th Cir. 2018)). Courts look to the

following factors to determine if specific jurisdiction exists: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." Id. (quoting UMG Recordings, Inc. v. Kurbanov, 963 F.3d 344, 352 (4th Cir. 2020)).

### III. ANALYSIS

The focal point of this dispute is whether the Court has specific jurisdiction over the Connecticut Defendants. (Doc. Nos. 12–1, p. 9; 16, p. 7.) Defendants argue the Court lacks personal jurisdiction as they did not target North Carolina, the litigation does not arise out of Defendant's contact with the state, and the exercise of personal jurisdiction would be constitutionally unreasonable. (Doc. No. 12–1, p. 10–15.) Plaintiff disagrees and alleges Defendants entered into the Agreement and but for the Agreement, which is governed by North Carolina law, Defendant never would have published the negative review. (Doc. No. 16, pp. 5–6.) The Court finds Plaintiff has met its prima facie burden of establishing personal jurisdiction.

While personal jurisdiction questions entail "an analysis of the state's long arm statute and constitutional due process considerations, the calculus changes when a forum selection clause is involved." W.L. Gore & Assocs. v. Medtronic, Inc., 778 F. Supp. 2d 667, 671 (E.D. Va. 2011) (internal citation omitted) (citing Monsanto Co. v. McFarling, 302 F.3d 1291, 1294 (Fed. Cir. 2002)). "Forum selection clauses act as a waiver to personal jurisdiction objections, Consulting Engineers Corp. v. Geometric Ltd., 561 F.3d 273, 281 n.11 (4th Cir. 2009), and forum selection clauses are prima facie valid, M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972)." Viper Publ'g, LLC v. Bailey, No. 3:17-CV-00314-GCM, 2017 WL 6397544, at *2 (W.D.N.C. Dec. 14, 2017).

Drawing all reasonable inferences in Plaintiff's favor as the party asserting jurisdiction, the Court finds personal jurisdiction exists over Defendants pursuant to a valid forum selection clause. Defendant Gluck's declaration asserts no choice of law or jurisdictional provision controls because the alleged harm is from the YouTube videos, not from the Agreement. (Doc. No. 21, p. 1–2.) However, when analyzing a 12(b)(2) Motion to Dismiss, all factual disputes and reasonable inferences must be made in favor of the party asserting jurisdiction, or, in this case, Plaintiff's favor. See White, 519 F. Supp. 3d. at 258. Plaintiff need only make a "prima facie showing of personal jurisdiction to survive the jurisdictional challenge." Grayson, 816 F.3d at 268 (citing Combs, 886 F.2d at 676). Plaintiff's Compliant, Response, and affidavits show Defendants entered into the Agreement with Plaintiff; Defendants received the TALOS equipment for free for review pursuant to the Agreement; and the Agreement incorporated Plaintiff's Terms and Conditions which designated Charlotte, North Carolina as the selected forum. (Doc. Nos. 17, p. 3–5; No. 17–4, p. 3; 17–5, p. 2; 17–6, p. 2.) Plaintiff shows Defendants would not have received the TALOS equipment or done a review thereof but for the Agreement. (Doc. Nos. 17, p. 4; 17–5, p. 2.) Moreover, the plain language of Agreement's forum selection clause includes any "direct[] or indirect[]" legal proceeding "arising out of or relating to this site" and provides as an example the purchase of Plaintiff's equipment. (Doc. No. No. 17–4, p. 3.)

Therefore, the Court finds Plaintiff has produced sufficient evidence that the Court has personal jurisdiction over Defendants through a valid forum selection clause that governs this dispute. See Viper Publ'g, LLC, 2017 WL 6397544, at *2. As such, Plaintiff has met its burden of making a prima facie showing of personal jurisdiction as to survive a Rule 12(b)(2) motion to dismiss. Accordingly, the Defendants' Motion is DENIED.

6

**IT IS THEREFORE ORDERED THAT** Defendants' Motion to Dismiss Plaintiff's Complaint, (Doc. No. 12), is **DENIED**.

**IT IS SO ORDERED**.

Signed: July 1, 2026

Frank D. Whitney
Senior United States District Judge