**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| **ADVANCED FITNESS CONCEPTS, INC. d/b/a VULCAN STRENGTH TRAINING SYSTEMS,** **Plaintiff,** **v.** **ADRIAN GLUCK and GLUCK'S GYM LLC,** **Defendants.** | **Civil Action No. 3:25-cv-878-FDW-MTO** **STIPULATION AND MOTION FOR ORDER RESPECTING CONFIDENTIALITY OF DISCOVERY MATERIALS** |

Plaintiff Advanced Fitness Concepts, Inc. d/b/a Vulcan Strength Training Systems and Defendants Adrian Gluck and Gluck's Gym LLC, by and through their respective undersigned counsel and pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, and acknowledging that each party may seek through discovery or otherwise information and/or documents that are or may be considered confidential by the producing party, hereby stipulate and agree for purposes of the above-captioned litigation, subject to the approval of the Court, as follows:

**1. SCOPE.** This Stipulation and Order governs the use of all produced documents (including but not limited to electronically stored information), responses to interrogatories and requests for admissions, deposition testimony and transcripts, and any other information, documents, objects, or things that have been or will be produced or received by any party or non-party witness during pre-trial proceedings in this action pursuant to the Federal Rules of Civil Procedure, as well as any and all copies, abstracts, digests, notes, and summaries thereof. These materials are collectively referred to herein as "Discovery Materials."

**2. DESIGNATION.** Any Discovery Materials produced by any party or non-party witness that are deemed in good faith to contain trade secret or other confidential research, development, or commercial information, as those terms are defined and used under the Federal Rules of Civil Procedure and other applicable authorities, may be designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS ONLY" in the manner set forth below. A party or non-party witness may designate Discovery Materials as "CONFIDENTIAL – ATTORNEYS ONLY" only if it believes in good faith that the materials contain extremely sensitive information, the disclosure of which to another party, even subject to the restrictions applicable to materials designated "CONFIDENTIAL," would create a substantial risk of serious competitive or commercial harm that could not be avoided by less restrictive means. Such information may include, by way of example and not limitation, nonpublic pricing, cost, and margin information; nonpublic customer and supplier identities, lists, and terms; unreleased product designs and specifications; and nonpublic strategic, marketing, or financial plans and data. Information that is publicly available shall not be designated "CONFIDENTIAL – ATTORNEYS ONLY," and a designating party shall limit any such designation to the specific portions of Discovery Materials that qualify for it. In addition, the following shall not be designated "CONFIDENTIAL – ATTORNEYS ONLY": (i) communications between a party and any reviewer, moderator, influencer, journalist, online platform, or other third party concerning the opposing party, the opposing party's reviews, videos, or public statements, or this action; (ii) other documents to the extent they concern the opposing party, the opposing party's reviews, videos, or public statements, or this action; and (iii) designs, specifications, instructions, or other technical information concerning any product, including any version of Plaintiff's TALOS All-In-One Gym, that has been publicly released or offered for sale, to the extent such

designs, specifications, instructions, or other technical information have been made publicly available. All such materials so designated are hereafter referred to collectively as "Confidential Materials."

**3. PRODUCTION.** Each party's counsel of record may have access to, inspect, and copy Confidential Materials sought through legitimate discovery means, and no documents shall be withheld from production, nor shall any information be withheld in answer to any interrogatories or deposition questions, on the grounds that said information, documents or answers are or may be considered confidential by the producing party, provided that the parties and their counsel shall adhere strictly to the provisions of this Stipulation and Order. Nothing in this Stipulation and Order shall preclude withholding of documents or information on any other appropriate ground, however, including without limitation that the materials or information requested are protected by privilege or as work product.

**4. MANNER OF DESIGNATION.**

**A. PAPER DOCUMENTS.** A party producing paper documents considered to constitute Confidential Materials shall cause each page of each such document to be stamped or labeled "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS ONLY," as appropriate. The requesting party shall treat such documents pursuant to the terms set forth below.

**B. ELECTRONIC INFORMATION.** A party producing information in any electronic medium considered to constitute Confidential Materials shall cause the medium used to produce the documents, whether by email transfer, online document repository, or physical storage media such as a USB drive or DVD, to be labeled "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS ONLY," as appropriate, and

shall cause each page of the document images to be so labeled if feasible. If data is produced in formats that are not normally paginated, such as databases or audio or video files, the producing party will, to the extent feasible without violating the integrity of the data produced, cause the appropriate legend to be incorporated as part of the file name and to be included in the file in such a manner that it will be visible when the file is opened or accessed. The receiving party shall treat all information so labeled as Confidential Materials pursuant to the terms set forth below.

**C. DEPOSITION TESTIMONY.** If at any deposition a witness is asked for information considered confidential by one of the parties or by the witness if the witness is not a party, the party or witness may indicate, through counsel if the party or witness is represented at the deposition, that the information sought from the witness is designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS ONLY," as appropriate, and the reporter transcribing the proceeding shall be instructed to so designate that portion of the record. All portions of the transcript designated as "CONFIDENTIAL – ATTORNEYS ONLY" shall be separately bound, sealed and appropriately labeled by the reporter. In addition to the foregoing, at any time up to thirty days after the deposition transcript is provided, a party or the witness may, by letter or email to all counsel of record, designate any portion of the deposition testimony as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS ONLY," as appropriate, and such portions shall be treated by the parties as provided below. Until the end of the thirty-day period (or until an earlier designation is made by counsel), the entire deposition shall be treated as "CONFIDENTIAL" (except that portions which have been designated "CONFIDENTIAL – ATTORNEYS ONLY" during the course of the deposition shall

continue to be so treated). Any disclosure of deposition testimony to a party, made in compliance with this Stipulation and Order before that testimony is designated "CONFIDENTIAL – ATTORNEYS ONLY" under this paragraph, shall not be a violation of this Stipulation and Order, provided that upon receiving the designation the receiving party shall treat the testimony as so designated going forward.

**D. RESPONSES TO WRITTEN DISCOVERY.** A party or non-party witness may designate all or any portion of responses to written discovery requests as "CONFIDENTIAL" by clearly labeling them as such in the body of the response. The producing party may designate all or any portion of such responses as "CONFIDENTIAL – ATTORNEYS ONLY" by placing such portions in a separate document which shall be appropriately labeled and served together with the non-confidential portion of such response. Such portions so designated shall be treated by the parties as provided below.

**5. DISPUTES AS TO DESIGNATION.** A party shall not be obligated to challenge the propriety of a designation as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS ONLY" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event any party disagrees with the designation of any Discovery Materials as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS ONLY," counsel shall attempt to resolve the disagreement on an informal basis. If it is necessary to present the dispute to the Court for resolution, it shall be the obligation of the party opposing the designation to move the Court for an order compelling production without the confidentiality restrictions. On such a motion, the burden shall be on the producing party or witness to demonstrate that the materials qualify for protection under the Federal Rules of Civil Procedure and other applicable authorities. Notwithstanding the foregoing, if a party objects in writing to a designation of

Discovery Materials as "CONFIDENTIAL – ATTORNEYS ONLY" and the parties are unable to resolve the objection informally within seven (7) days after it is made, the designating party shall move the Court for an order upholding the designation within fourteen (14) days after the objection is made. If the designating party fails to file such a motion within that time, the challenged materials shall thereafter be treated as designated "CONFIDENTIAL" rather than "CONFIDENTIAL – ATTORNEYS ONLY." Unless and until the Court shall issue a final ruling that the material is not of a confidential nature, the material in question shall continue to be treated by all parties as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS ONLY," as appropriate, and all provisions hereof shall be adhered to with respect to the same.

**6. USE AND DISCLOSURE.** Confidential Materials shall be used only for the prosecution and/or defense of this action, and shall not be used or disclosed for any other purpose whatsoever. Except as otherwise provided herein, Confidential Materials shall be disclosed by counsel only to those of the following persons who, in counsel's good faith judgment, have a legitimate need to see such materials in order to prosecute and/or defend this action:

**I.** Counsel of record and their legal and clerical staff;

**II.** Named parties to the litigation (including, in the case of parties that are corporations or other legal entities, their officers, directors, and employees who have a legitimate need for access in connection with the prosecution or defense of the litigation);

**III.** Any officer taking, reporting, or videotaping a deposition at which such Confidential Materials are properly disclosed to the witness as permitted by

the terms of this Stipulation and Order, and any employees of such officer to the extent necessary to prepare the transcript or recording of the deposition;

**IV.** Outside experts and non-party witnesses as provided in Paragraph 8, below; and

**V.** The Court as provided in Paragraph 9, below.

Notwithstanding the foregoing, and except as otherwise provided herein, Confidential Materials that have been designated "CONFIDENTIAL – ATTORNEYS ONLY" shall not be disclosed to the named parties to the litigation or any of their officers, directors, or employees; provided, however, that counsel for a receiving party may show specific Discovery Materials designated "CONFIDENTIAL – ATTORNEYS ONLY" to a named party, in counsel's presence and without providing copies, with the prior written consent of the producing party, which consent shall not be unreasonably withheld or delayed. The request for consent will identify by Bates number the specific documents for which consent is sought and state the reasons why review by the client is necessary. If consent is refused, the receiving party may move the Court for leave to make such disclosure, and the producing party shall bear the burden of showing that the disclosure would create a substantial risk of serious competitive or commercial harm that outweighs the receiving party's need for its client's assistance in prosecuting or defending this action.

**7. USE OF ARTIFICIAL INTELLIGENCE TOOLS.** No party, counsel of record, or other person who receives Confidential Materials under this Stipulation and Order, including without limitation any person described in Paragraphs 6 and 8 and any vendor retained by a party or its counsel, shall input, upload, or otherwise submit any Discovery Materials

designated “CONFIDENTIAL” or “CONFIDENTIAL – ATTORNEYS ONLY” (including any copies, abstracts, digests, notes, or summaries thereof) into any artificial intelligence system, large language model, or other generative or machine-learning tool (an “AI Tool”) that uses, retains, or reserves the right to use or retain any inputs, prompts, uploaded files, or outputs to train, retrain, fine-tune, or otherwise improve any model, or that makes such data available to any person other than those authorized to receive it under this Stipulation and Order. Confidential Materials may be used only with an AI Tool that is an Enterprise AI Tool. An “Enterprise AI Tool” is an AI Tool licensed or provided under a written enterprise, business, or professional agreement, and not under consumer or free terms of service, that: (a) prohibits the provider from using inputs, prompts, uploaded files, or outputs to train or improve any model; (b) obligates the provider to maintain the confidentiality of such data on terms at least as protective as this Stipulation and Order; (c) permits the user to control the retention of such data and requires its deletion upon request or within a defined period; (d) limits access to such data to the user’s authorized personnel through authentication and access controls, and to personnel of the provider to the extent necessary to provide the service; and (e) prohibits the provider from disclosing such data to any third party except as necessary to provide the service or as required by law. Any person using an Enterprise AI Tool with Confidential Materials remains bound by every other provision of this Stipulation and Order, including the restrictions on access to materials designated “CONFIDENTIAL – ATTORNEYS ONLY,” and use of an Enterprise AI Tool in compliance with this paragraph shall not, by itself, constitute a disclosure in violation of this Stipulation and Order or a waiver of any privilege or protection. Counsel disclosing Confidential Materials to any expert, non-party witness, or vendor shall inform that person of

this paragraph, and that person's compliance with this paragraph shall be a condition of such disclosure.

**8. DISCLOSURE TO EXPERTS AND WITNESSES.** Confidential Materials may be disclosed to outside experts or non-party witnesses when counsel deems such disclosure reasonably necessary for the preparation and trial of the case, provided that (1) no Confidential Materials that have been designated "CONFIDENTIAL – ATTORNEYS ONLY" may be disclosed to any non-party witness unless the witness is an author, addressee, or lawful recipient of the materials, or is a current officer, director, or employee of the producing party; and (2) no Confidential Materials that have been designated "CONFIDENTIAL – ATTORNEYS ONLY" may be disclosed to any outside expert who is (i) a current officer, director, employee, or consultant (other than a litigation consultant or expert) of a party or of a competitor of the producing party, (ii) a former officer, director, or employee of a party, or (iii) at the time of retention anticipated to become any of the foregoing, without the prior written consent of the producing party or order of the Court. Before disclosing any Confidential Materials designated "CONFIDENTIAL – ATTORNEYS ONLY" to an outside expert, the party seeking disclosure shall serve written notice on the producing party identifying the expert by name, city and state of residence, and current employer, attaching the expert's current curriculum vitae, and identifying any past or present employment or consulting relationship (other than as a litigation consultant or expert) between the expert and any party or any competitor of the producing party. The producing party may object in writing, stating the grounds for the objection with particularity, within seven (7) days after service of the notice, and no such disclosure shall be made during that period. If a timely objection is made and the parties are unable to resolve it within seven (7) days after the objection, the producing party may, within fourteen (14) days after its objection,

move the Court for an order barring the disclosure, and shall bear the burden of showing that the risk of harm the disclosure would entail outweighs the receiving party's need to disclose the materials to its chosen expert. No disclosure shall be made while such a motion is pending. If no timely objection or motion is made, the disclosure may proceed. Service of a notice under this paragraph shall not constitute a designation of the expert as a testifying expert, and the notice shall not be used for any other purpose in this action. Before any Confidential Materials are disclosed to any outside expert or non-party witness, he or she shall be required to read this Stipulation and Order in its entirety and sign the Acknowledgment and Agreement to Be Bound attached as Exhibit A. Copies of all such statements shall be maintained by counsel, shall be promptly filed with the Court should the Court so direct, and shall be provided to counsel for the producing party upon request if and when the identity of the independent expert or non-party witness is otherwise required to be disclosed. For purposes of this paragraph, a person is a non-party witness if (a) at the time of disclosure the person is neither named as a party in the above-captioned action nor an employee, officer, or director of a named party, and (b) counsel making disclosure to the person reasonably believes such person may have information useful in prosecuting or defending the case, whether or not the person is ever called as a witness. For purposes of this Stipulation and Order, a person shall not be deemed an officer, director, employee, or consultant of a competitor of the producing party solely because the person has, or has had, an affiliate, sponsorship, advertising, commission, or product-review relationship with that competitor, provided that any such affiliate, sponsorship, advertising, commission, or product-review relationship is fully disclosed to the producing party prior to disclosing any Confidential Materials designated "CONFIDENTIAL—ATTORNEYS ONLY" to the proposed expert.

**9. DISCLOSURE TO COURT.** If a party wishes to submit to the Court any Confidential Materials produced by another party or a non-party witness, or to use or refer to the same in briefs, affidavits, or any other documents or submissions whether formally filed or informally submitted, such papers using or referring to such Confidential Materials shall be clearly labeled as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS ONLY," as appropriate, and shall be submitted to the Court with the request that they be filed under seal, in compliance with the procedures specified in LCvR 6.1. Counsel for the filing party shall confer in advance with counsel for the producing party to facilitate making the showing required by LCvR 6.1(c).

**10. SUBMISSION IN OPEN COURT.** If a party wishes to introduce any Confidential Materials on the public record or otherwise use them at a hearing or trial, such party shall give the producing party reasonable advance written notice of such intention, such notice to clearly specify the Confidential Materials to be disclosed and the manner in which they are to be disclosed, so as to afford the producing party a reasonable opportunity to apply in advance to the Court for an order of non-disclosure or for other protection.

**11. RELIANCE ON CONFIDENTIAL MATERIALS.** Nothing in this Stipulation and Order shall bar any attorney in the course of rendering advice to his or her client from relying upon knowledge of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS ONLY" materials produced or exchanged herein; provided that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the contents of any "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS ONLY" information in a manner contrary to the terms of this Stipulation and Order.

**12. FINAL DISPOSITION.** All Confidential Materials and all copies thereof shall be returned to the producing party at the termination of this action, or shall be destroyed by counsel for the receiving party with certification of such destruction to counsel for the producing party, except that counsel may securely retain one copy of such Confidential Materials and any abstracts, digests, notes, summaries, or other work product constituting or referencing Confidential Materials as part of the case file for archival purposes. The obligation to return or destroy Confidential Materials under this paragraph extends to any Confidential Materials uploaded to, stored in, or retained by any AI Tool (as defined in Paragraph 7), and the receiving party shall delete, or cause the provider to delete, all such materials from any AI Tool workspace, project, repository, or storage within its control, other than the single archival copy of the case file permitted by this paragraph. The ultimate disposition of any Confidential Materials filed with the Court shall be subject to final order of the Court upon completion of the litigation.

**13. PARTY'S USE OF OWN DOCUMENTS AND INFORMATION.** This Stipulation and Order shall not restrict the right of each party and non-party witness to use and disclose its own information as it sees fit, regardless of the designation given that information hereunder by any party.

**14. NON-PARTY DEMAND.** If any party (the "Receiving Party") is properly served with a subpoena, court order, or other form of legal process (a "Demand") requiring the disclosure to any entity not a party to this action, including but not limited to a governmental entity, of any documents or information designated as Confidential Materials hereunder by someone other than the Receiving Party (the "Designating Party"), then the Receiving Party shall (a) provide prompt written notice to the Designating Party so as to afford the maximum

opportunity practicable for the Designating Party to seek relief from the Demand, and (b) cooperate, at the Designating Party's request and expense, with any effort by the Designating Party to object to the Demand if and to the extent permitted by law. So long as notice is provided to the Designating Party as set out in this paragraph, the Receiving Party shall not be required on its own initiative to resist, challenge or appeal any such Demand, or to subject itself to any penalty for noncompliance with it.

**15. INADVERTENT DISCLOSURE OF PRIVILEGED INFORMATION.** If a producing party or non-party witness inadvertently discloses to the receiving party information that is claimed to be privileged or otherwise immune from discovery, the producing party shall promptly upon discovery of such inadvertent disclosure advise the receiving party in writing of the specific information involved and the basis of the claim. Upon receipt of such written notice, the receiving party shall, at its option, either (1) promptly return or destroy the specified information and any copies it has, or (2) promptly sequester the specified information and any copies it has, and notify the producing party that it believes the claim of privilege or immunity is not well-founded. In either case, the receiving party shall take reasonable steps to retrieve the information if the receiving party disclosed it before being notified, and shall not use or further disclose the information until the claim is resolved either by agreement of the parties or order of the Court. Either party may at any time present the information to the Court under seal for a determination of the claim, and regardless of which party is the moving party, the burden shall be on the producing party to sustain the claim of privilege or immunity from discovery. Pursuant to Federal Rule of Evidence 502(d), the production or disclosure in this action of information protected by the attorney-client privilege or the work-product doctrine, whether inadvertent or otherwise, shall not constitute a waiver of such privilege or protection in this action or in any

other federal or state proceeding, and Federal Rule of Evidence 502(b) shall not apply to any such production or disclosure. Any notice under this paragraph shall be given promptly after the producing party discovers the production and in any event no later than the close of discovery, except that, as to Discovery Materials first listed as an exhibit or designated for use at trial after the close of discovery, notice shall be given within fourteen (14) days after service of such exhibit list or designation and in no event later than the final pretrial conference. No claim under this paragraph may be asserted for the first time at trial.

**16. FURTHER RELIEF.** This Stipulation and Order shall not preclude any party from applying to the Court for relief from any provision hereof, or from asserting that certain Confidential Materials should receive different, greater or lesser confidentiality protection than that provided herein. Nothing in this Stipulation and Order constitutes or shall be construed as an admission that any information designated by another as Confidential Materials is in fact confidential or that a confidentiality stipulation or order is necessary or appropriate with regard to such information.

**17. EFFECT PENDING COURT APPROVAL.** This Stipulation and Order shall become effective as a stipulation among the parties immediately upon its execution by counsel for all parties, notwithstanding the pendency of approval by the Court. If approval by the Court is ultimately withheld or made conditional, no party shall treat any Confidential Materials produced prior to that time other than as provided in this Stipulation and Order without giving the producing party sufficient advance notice to allow for application to the Court for additional relief.

**18. OBLIGATIONS OF PARTIES.** Each of the parties named above and their counsel of record undertakes to abide by and be bound by its provisions and to use due care to see that its provisions are known and adhered to by those under its supervision or control.

Stipulated as of this 8th day of October, 2026, by the parties through their counsel undersigned, and respectfully submitted to the Court for approval and entry as an order of the Court pursuant to Rule 26(c), F.R.Civ.P.

/s/ Rodrick J. Enns
Rodrick J. Enns
N.C. State Bar No. 12151
ENNS & ARCHER LLP
939 Burke Street
Winston-Salem, NC 27101
(336) 723-5180
renns@ennsandarcher.com

*Attorneys for Plaintiff Advanced Fitness Concepts, Inc. d/b/a Vulcan Strength Training Systems*

/s/ John Di Giacomo
John Di Giacomo
Attorney for Defendants
Appearing *Pro Hac Vice*
Revision Legal, PLLC
444 Cass Street, Suite D
Traverse City, MI 49684
(231) 714-0100
john@revisionlegal.com

/s/ W. Michael Boyer
W. Michael Boyer
N.C. State Bar No. 49098
Carolina Craft Legal
4805 Ridge Haven Court
Greensboro, NC 27410
(336) 944-2132
michael@carolinacraftlegal.com

*Attorneys for Defendants Adrian Gluck and Gluck's Gym LLC*

**IT IS SO ORDERED.**

Signed: ______________________, 2026

______________________________________

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, ______________________________ [print full name], of ______________________________________________ [print full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulation and Order Respecting Confidentiality of Discovery Materials (the "Order") entered by the United States District Court for the Western District of North Carolina in *Advanced Fitness Concepts, Inc. d/b/a Vulcan Strength Training Systems v. Adrian Gluck and Gluck's Gym LLC*, Civil Action No. 3:25-cv-878. I agree to comply with and to be bound by all of the terms of the Order, including the restrictions in Paragraph 7 on the use of artificial intelligence tools, and I understand and acknowledge that failure to comply could expose me to sanctions and punishment in the nature of contempt of court.

I will not disclose any information or item subject to the Order to any person or entity except in strict compliance with the Order, and I will use such information solely for purposes of this action. At the conclusion of this action, or earlier upon request of the counsel who provided me with Confidential Materials, I will return or destroy all Confidential Materials in my possession, custody, or control, including any copies uploaded to or stored in any AI Tool, as directed by that counsel.

I submit to the jurisdiction of the United States District Court for the Western District of North Carolina for the purpose of enforcing the terms of the Order, even if such enforcement proceedings occur after termination of this action.

Date: ______________________________________

City and State where signed: ______________________________________

Printed name: ______________________________________

Employer and title: ______________________________________

Signature: ______________________________________